UNITED STATES of America, Plaintiff,

v.

Le Roy DOYLE, Defendant.

Civ. A. No. 78–C–564.

United States District Court,
E. D. Wisconsin.

Aug. 26, 1980.

Joan F. Kessler, U. S. Atty. by Elizabeth Adelman, Asst. U. S. Atty., Milwaukee, Wis., and Lawrence E. Meuwissen, Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Kevin E. O'Neill, Milwaukee, Wis., for defendant.

DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action brought by the Government to reduce a federal tax jeopardy assessment made pursuant to 26 U.S.C. § 6851 against LeRoy Doyle ("taxpayer") to judgment.

On January 25, 1980, this Court granted the Government's motion for a summary determination pursuant to the statutory procedure set forth in 26 U.S.C. § 7429 that the jeopardy assessment issued on August 16, 1978, against the taxpayer was reasonable under the circumstances and appropriate in amount, and granted the Government's motion for partial summary judgment that the federal tax lien executed pursuant to that assessment took priority over an attorney's lien. That determination and order, however, had no bearing on the taxpayer's ultimate tax liability or on whether the Government should be permitted to reduce the assessment to judgment.

The proper scope of the summary determination by the reviewing court under 26 U.S.C. § 7429 is to determine the reasonableness of the assessment against the taxpayer, not to determine the taxpayer's actual tax liability. *Ericksen v. United States,* 45 A.F.T.R.2d 80–1053, 1054 (E.D.Mich. 1980); *Loretto v. United States,* 440

F.Supp. 1168, 1175 (E.D.Pa.1977). The summary determination under § 7429 is to be a separate proceeding which is unrelated substantively and procedurally to any subsequent proceeding to determine the correct tax liability either by action for refund in a federal taxpayer's district court or the Court of Claims or by a proceeding in the Tax Court. S.Rep.No. 94–938 (Part I), 94th Cong., 2d Sess. 365, reprinted in [1976] U.S. Code Cong. & Admin.News, pp. 3429, 3795. Accordingly, the Government's motion for summary judgment will be denied.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment be and hereby is denied.

IT IS FURTHER ORDERED that this action is dismissed without prejudice as to defendant LeRoy Doyle.