**Luz PENNER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 83–8583–Civ–JCP.

United States District Court, S.D. Florida.

Jan. 25, 1984.

Edward R. Shohat, Bierman, Sonnett, Beiley, Shohat & Sale, P.A., Edward P. Guttenmacher, Richman & Guttenmacher, P.A., Miami, Fla., for plaintiff Luz Penner.

Stanley Marcus, U.S. Atty., S.D. Fla., Miami, Fla. by Randall M. Roden, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PAINE, District Judge.

This cause came on for trial upon the complaint of Plaintiff, seeking review of an assessment of Federal personal income taxes, entered against Plaintiff by Defendant's Internal Revenue Service (hereinafter "IRS") in August, 1983, pursuant to Section 6861 of the Internal Revenue Code of 1954, as amended (26 U.S.C. § 6861). Section 7429(b)(1) of the Internal Revenue Code (26 U.S.C. § 7429(b)(1)) provides that a party against whom such an assessment is made may bring a civil action against the United States in a district court of the United States for a review of that assessment. Section 7429(b)(2) provides that, in conducting such a review, the district court shall determine whether or not (a) the making of the assessment is reasonable under the circumstances, and (b) the amount so assessed is appropriate under the circumstances.

### BACKGROUND

The amount of the assessment under review here is one million three hundred twenty-two thousand, forty-five dollars ($1,322,045.00). The calculations used by the IRS in attaining this figure, and the reasons for making this assessment, are set out in the notice of the assessment provided by the IRS to Plaintiff, and bearing the date August 26, 1983 (Defendant's Exhibit 4). A more detailed calculation of the assessment appears in the notice of the determination of tax deficiency, provided by the IRS to Plaintiff, and bearing the date October 27, 1983 (Plaintiff's Exhibit 2). This notice of deficiency was furnished to Plaintiff pursuant to Section 6861(b). (All statutory references hereinafter are to the Internal Revenue Code of 1954, as amended (Title 26, U.S.C.), unless otherwise noted.) At trial, Plaintiff raised the issue of whether the IRS provided this notice of deficiency within the time period required under Section 6861(b). In light of its ruling in this cause, this Court does not need to make a finding as to this issue.

## JURISDICTION AND VENUE

This Court has jurisdiction of this cause under 26 U.S.C. § 7429(b)(1) and 28 U.S.C. § 1346(e). Plaintiff alleged in her complaint that this Court had venue under 28 U.S.C. § 1402(a)(1), in that Plaintiff is a permanent resident alien of the United States, residing within the Southern District of Florida. Defendant, in its answer, challenged venue, but waived this issue at trial.

## APPLICABLE LAW

[1–3] This Court begins its review by noting that an assessment under Section 6861 is an extraordinary measure, intended for exigent circumstances (hence the name "jeopardy assessment"). The review under Section 7429 was made available in recognition of the extraordinary nature of assessments under Section 6861. S.Rep. No. 94–938, 94th Cong., 2d Sess., 363–64 (1976), reprinted at [1976] U.S.Code Cong. & Ad. News 2897, 3792–93. In a proceeding brought under Section 7429, the actual question of ultimate tax liability is not at issue. S.Rep. No. 94–938, *supra*, at 365; *Johnson v. Commissioner*, 468 F.Supp. 461, 464 (M.D.Fla.1979); *Strauser v. United States*, 535 F.Supp. 957, 958 (N.D.Ill. 1982). Rather, the issue is the reasonableness and appropriateness of the making of the assessment. Under Section 301.6861–1 of the Treasury Regulations, the IRS is to make an assessment under Section 6861, if the IRS determines that collection of a tax deficiency is in jeopardy of delay, using the criteria set out in Section 6851 of the Internal Revenue Code (26 U.S.C. § 6851) and Section 1.6851–1(a) of the Treasury Regulations. These three criteria are:

(i) The taxpayer is or appears to be designing quickly to depart from the United States or to conceal himself or herself.

(ii) The taxpayer is or appears to be designing quickly to place his, her, or its property beyond the reach of the Government either by removing it from the United States, by concealing it, by dissipating it, or by transferring it.

(iii) The taxpayer's financial solvency is or appears to be imperilled.

Treas.Reg. § 1.6851–1(a) (1978). The IRS is to make a jeopardy assessment if it finds any one of these three criteria to exist. Treas.Reg. § 301.6861–1 (1982). Thus, the first question before this Court is the reasonableness of a finding that Plaintiff satisfied any one of the three criteria of Section 6851. Although this Court is to review the reasonableness of this finding as made on the date of the assessment, this Court is not limited to the information actually available to or known by the IRS on that date. S.Rep. No. 94–938, *supra*, at 365; *Johnson, supra*, at 464. Under Section 7429(g)(1), the burden of proof on this first issue is on Defendant.

■ The second question is whether the amount of the assessment is appropriate. Under Section 7429(g)(2), the burden of proof (that the amount is not reasonable) is on Plaintiff. Under Section 7429(f), the determination of this Court is final and conclusive, and it is not subject to review by any other court. *United States v. Vicknair*, 617 F.2d 1129, 1131 (5th Cir.1980).

This Court finds little amplification on the boundaries of "reasonableness" as used in Section 7429. The statute itself gives no guidance, nor do the Treasury regulations. The Senate report is silent, except to say that the use of the three criteria set out in Section 6851 is itself reasonable. S.Rep. No. 94–938, *supra*, at 365, n. 6. In *Loretto v. United States*, 440 F.Supp. 1168 (E.D.Pa. 1977), that court struggled to identify some parameters, and concluded that "reasonable under the circumstances" as used in Section 7429 "means something more than not arbitrary or capricious and something less than supported by substantial evidence." *Id.*, at 1172.

## THE EVIDENCE

Defendant's evidence consisted primarily of the testimony of John A. Gricius, a revenue agent in the Examination Division of the Los Angeles District Office of the IRS. This witness testified that he had made the determination that Plaintiff met one or

more of the three criteria which justify making an assessment under Section 6861, and that he recommended that the IRS make such an assessment. As grounds for his determination, this witness testified that he relied on the following facts. First, Plaintiff had been indicted by a Federal grand jury in the Central District of California, for violations of the narcotics laws. (Indictment No. CR–83–249, dated July 15, 1983, a copy of which was admitted as Defendant's Exhibit 1.) Second, Plaintiff was a resident alien of the United States, and had recently made frequent trips to South America. Third, Plaintiff had recently placed a residential property owned by Plaintiff on the market. Additionally, this witness testified that he relied upon information regarding substantial bank accounts held by Plaintiff, supplied to the witness by Drug Enforcement Agent Larry L. Johnson, who was involved with the investigation leading to the indictment. This witness testified that he checked the IRS information system, and found no evidence of individual income tax returns having been filed for Plaintiff for 1981 or 1982. He testified that he did locate a notice of Federal tax lien against Plaintiff, for 1978 and 1979. (A copy of this lien was admitted as Defendant's Exhibit 3.) On cross examination, this witness admitted that he had not personally investigated the nature of Plaintiff's bank accounts described by DEA agent Johnson. The witness admitted that there was no appearance that Plaintiff was attempting to sell the residential property quickly or at a loss. And, the witness acknowledged that, at the time of his recommendation that an assessment be made, Plaintiff was being held in detention pursuant to her indictment.

At the conclusion of testimony by this witness, this Court was not convincingly persuaded that Defendant had met its burden of proof as to the reasonableness of a finding that Plaintiff met any of the three criteria under Section 6851. However, under the vague standards for review under Section 7429, this Court was not so sufficiently persuaded that Defendant had failed to meet its burden of proof to justify judgment at that point for Plaintiff. Accordingly, this Court heard testimony as to the appropriateness of the amount of the assessment.

Plaintiff's main witness was Michael Zier, a Certified Public Accountant and formerly a revenue agent with the IRS. This witness testified that he was familiar with the procedure used by the IRS in determining the amount of an assessment under Section 6861. This witness testified that he studied the financial history of Plaintiff, and that he found much that would contradict the assessment made by the IRS. The witness identified the procedure used by the IRS, in determining the amount of the assessment against Plaintiff, as one known as the "bank deposit method." This witness stated that he had himself used this procedure when he was a revenue agent, and that it is, at best, an indirect method. A major point of the testimony of this witness was that the calculations performed by the IRS here had involved several instances of double-counting of the same asset. That is, an amount held at some time in one bank, and later placed in another bank, would be counted twice. Indeed, the affidavit of DEA agent Johnson (Defendant's Exhibit 2), upon which the IRS agent Gricius testified he had relied, states (at page 5) that the bank deposits identified by the DEA agent "include $316,500, which is believed to have been transferred through various accounts." The IRS agent admitted, in testimony, that he did not consider these apparent transfers, and made no reduction to account for them. Mr. Zier, the accountant called as Plaintiff's witness, testified that the deposits relied upon by the IRS included an amount of $120,000 received by Plaintiff in 1979 as life insurance proceeds upon the death of her husband. Under Section 101 of the Internal Revenue Code (26 U.S.C. § 101), life insurance proceeds are not subject to income tax. This witness testified that those life insurance proceeds had been placed into a one-year certificate of deposit, and that Plaintiff renewed this certificate each year, giving rise to a new deposit each

year. Such reinvestments, however, do not represent taxable income under the Internal Revenue Code. This amount of life insurance proceeds, $120,000, counted in the year received (1979) and again in each year reinvested (1980, 1981, and 1982), would result in the improper inclusion of $480,000 in determining Plaintiff's income, and the amount of any tax due. The witness further identified other assets which would not reflect taxable income, but which had been included by the IRS is making the assessment. These included $10,700 in social security benefits received after the death of Plaintiff's husband, gifts of about $18,000 per year in 1979 and 1980, received from Plaintiff's family, and borrowings of $230,000. In summary, this witness referred to the amounts of corrected taxable income for the years 1979 through 1982, reported on the computation schedule attached to the notice of assessment provided by the IRS to Plaintiff (Defendant's Exhibit 4). The witness testified that in each year Plaintiff had money available for deposit from non-taxable sources *in excess of* the figures presented by the IRS as deposits made by Plaintiff.

The testimony of the IRS agent strongly suggested that the IRS had been neither thorough nor diligent in examining Plaintiff's assets. Indeed, that witness testified that most of his information had been obtained from a third party, the DEA agent Johnson. Upon consideration of all the testimony presented on this issue, this Court believes that Plaintiff had met her burden of proof on the issue of reasonableness of the amount of the assessment, and this Court believes that the amount was not appropriate.

## CONCLUSION

■ After having heard all the testimony in this case, and reviewing all the exhibits, this Court finds that Defendant has failed to meet its burden of proof in respect to the issue of whether the making of the assessment by the IRS against Plaintiff was reasonable. Furthermore, this Court finds that Plaintiff has met her bur-

den of proof in respect to the issue of whether the amount assessed is appropriate, and that Plaintiff has shown this amount to be inappropriate. Accordingly, this Court has determined, pursuant to Section 7429(b)(2), that the making of the assessment is not reasonable under the circumstances. This Court further determines that the amount demanded under the assessment would not be appropriate under the circumstances, even if the making of the assessment were found to be reasonable. While this Court does not find either the making of the assessment, or the amount demanded, to be completely "arbitrary and capricious", the reasonableness of these actions (especially when considered together) is supported by far less than "substantial evidence." Therefore, this Court must enter judgment for Plaintiff. In making this determination, this Court reiterates that its ruling has no bearing on the ultimate tax liability, if any, of Plaintiff.

## APPROPRIATE RELIEF

■ In her complaint, Plaintiff asks that this Court (1) abate the assessment made against Plaintiff by the IRS, (2) release Plaintiff and Plaintiff's property from any and all liens placed against that property pursuant to this assessment, and (3) grant Plaintiff costs and attorneys' fees incurred in bringing this action.

Where, as here, a district court determines that the making of an assessment is unreasonable or that the amount assessed or demanded is inappropriate, Section 7429(b)(3) provides that the court may order the IRS to abate the assessment in whole or in part, or to take such other action as the court finds appropriate. In light of this Court's determination under Section 7429(b)(2) that the making of the assessment was not reasonable, this Court believes that the assessment should be abated. Defendant has opposed Plaintiff's request that this Court additionally order the lifting of the liens placed on Plaintiff's property. However, if the abatement of the assessment is to have any real mean-

ing, then any liens imposed pursuant to that assessment should also be removed. This Court can find no authority for the proposition that this Court may not order release of the liens. Section 7429(b)(3) provides that, in addition to abatement, this Court may order "such other action as the court finds appropriate." Other courts, in actions brought under Section 7429, have issued orders staying or barring the enforcement of liens imposed pursuant to the assessment challenged. *Krivacek v. United States*, 508 F.Supp. 246 (C.D.Cal.1981); *DeLauri v. United States*, 492 F.Supp. 442 (W.D.Tex.1980); *Fidelity Equipment Leasing Corp. v. United States*, 462 F.Supp. 845 (N.D.Ga.1978). In at least one reported case, the court ordered termination of the liens. *Nader v. United States*, 81–2 U.S.Tax Cas. 87,844 (N.D.Ohio 1981). In order to give its determination full effect, this Court will order Defendant to remove and release any liens which Defendant has placed on Plaintiff or Plaintiff's property pursuant to the assessment under review here.

In *Alfonso v. United States*, 613 F.2d 1309 (5th Cir.1980), the Court of Appeals for the Fifth Circuit held that attorney's fees could not be awarded to a taxpayer who prevailed in an action brought under Section 7429. However, in 1982, Congress added Section 7430 of the Internal Revenue Code (26 U.S.C. § 7430). That section gives this Court discretion to award Plaintiff, as the prevailing party here, a judgment for reasonable litigation costs, provided that Plaintiff has met certain requirements set out in that section. Section 7430(b)(2) provides that a judgment for such costs may not be awarded unless this Court determines that Plaintiff has exhausted the administrative remedies available to Plaintiff within the IRS. The exhaustion of administrative remedies, under Section 7429(a), is a prerequisite to the bringing of an action such as this one, under Section 7429(b). The exhibits attached to Plaintiff's complaint filed in this action demonstrate that Plaintiff has exhausted the administrative remedies available to her within the IRS. In light of this

Court's determination on the merits in this action, Plaintiff has met the burden of Section 7430(c)(2) and is the prevailing party as is meant for the purposes of Section 7430. The costs, expenses, and fees which this Court may consider in awarding Plaintiff a judgment for costs are described in Section 7430(c)(1)(A). This Court will require Plaintiff to submit to this Court an application for costs, indicating the amount sought and identifying the basis therefor.

Accordingly, it is ORDERED and ADJUDGED that

1. Judgment for Plaintiff, LUZ PENNER, and against Defendant, UNITED STATES OF AMERICA, shall be entered in this cause.

2. Defendant shall forthwith abate and cancel the assessment made against Plaintiff by Defendant's Internal Revenue Service, on or about August 26, 1983, in the amount of one million, three hundred twenty-two thousand, forty-five dollars ($1,322,045.00).

3. Defendant shall forthwith remove any and all liens placed by Defendant, pursuant to said assessment, on Plaintiff or Plaintiff's property, and Defendant shall provide Plaintiff any and all necessary releases.

4. Defendant shall forthwith return any and all of Plaintiff's property which Defendant has seized pursuant to said assessment.

5. Within thirty (30) days of the date of this order, Plaintiff shall submit to this Court an application for fees and expenses showing the amount sought and including an itemized statement from any attorney or expert witness representing or appearing in behalf of Plaintiff, stating the actual time expended and the rate at which fees and other expenses are computed by that attorney or expert witness.