James J. RANDAZZO, Plaintiff,

v.

UNITED STATES of America DEPARTMENT OF the TREASURY INTERNAL REVENUE SERVICE, et al., Defendants.

Civ. A. No. 83–2020.

United States District Court,
W.D. Pennsylvania.

March 15, 1984.

David A. Goodman, Pittsburgh, Pa., for plaintiff.

Thomas A. Daley, Asst. U.S. Atty., Pittsburgh, Pa., Mark G. Gellar, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C., for defendants.

## OPINION

COHILL, District Judge.

Currently before us is plaintiff's Motion to Amend Order to Include All Costs, Interest and Attorneys' Fees filed pursuant to 26 U.S.C. § 7430. After careful consideration of the parties' memoranda and the applicable law, we will deny the plaintiff's motion.

The plaintiff brought this action under 26 U.S.C. § 7429 for a summary review of the income tax assessment made against him by the Internal Revenue Service ("IRS") for the period of January 1, 1983 to May 25, 1983. The amount of the assessment was $29,342.00.

The assessment was made subsequent to a seizure of cash by the Allegheny County Police from the plaintiff's residence and person. The seizure occurred on May 25, 1983, the date the Allegheny County Police arrested the plaintiff for possession of cocaine, charges which were subsequently dismissed. After the arrest, the police searched the plaintiff's residence and found $50,415.00 in cash in a safe in his bedroom and $1,973.00 on his person. During an interview with plaintiff that afternoon, an IRS agent was told that the plaintiff had purchased a Cadillac car two weeks prior to the arrest for $10,500.00, and had purchased a Chevrolet Corvette in April, 1983.

Concerned that the plaintiff might be seeking to circumvent the collection of income tax by hiding his property beyond the government's reach, the IRS conducted an emergency assessment pursuant to 26 U.S.C. § 6851(a). The assessment amount of $29,342.00 was retained by the IRS, and the rest of the money seized was returned to the plaintiff.

On August 12, 1983, the plaintiff filed a complaint in this court pursuant to 26 U.S.C. § 7429 in which he sought a court review of the jeopardy assessment conducted by the IRS.

On December 20, 1983, we conducted a hearing on the plaintiff's complaint. After taking testimony and hearing counsel's arguments, we found that the government would not be jeopardized if the money were returned to the plaintiff, and we granted plaintiff's motion for the return of the assessment.

On December 21, 1983, we signed a written order which entered judgment in favor of the plaintiff and ordered the defendants to return forthwith to the plaintiff the sum of $29,342.00. *See* Court's Order.

The plaintiff now seeks a modification of the court order to include costs and attorneys' fees.

■ Before an award of attorneys' fees or costs can be levied against the United States, the doctrine of sovereign immunity must be overcome. *Fidelity Construction Company v. United States*, 700 F.2d 1379 (C.A.Fed.1983). To do this, we must find specific statutory language which expressly *authorizes* such an award. *Id.*

In civil proceedings regarding tax issues, Congress has expressly provided that a party may be awarded attorneys' fees and costs against the United States. This authority is embodied in 26 U.S.C. § 7430, which provides in pertinent part:

(a) In general.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court),

the prevailing party *may* be awarded a judgment for reasonable litigation costs incurred in such proceeding.

(Emphasis supplied.)

■ As evidenced by the word "may," it is within the court's discretion to award fees and costs to the prevailing party.

Merely because a plaintiff asks for attorneys' fees and costs in the prayer of his complaint does not guarantee such an award, even if judgment is entered in his favor.

Before a court may even exercise its discretion in awarding fees and costs, it must determine whether the party seeking the award is the "prevailing party." 26 U.S.C. § 7430(c)(2) defines "prevailing party" as

... any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

(B) Determination as to prevailing party.—Any determination under subparagraph (A) as to whether a party is a prevailing party shall be made—

(i) by the court, ...

■ Thus, two conditions must be met in order to establish that a party has prevailed, and therefore, *may* be awarded costs:

1) that the position of the United States in the proceeding was unreasonable *and*

2) the party has substantially prevailed as to the amount in controversy and the issues presented.

In the case *sub judice*, it is apparent, and the parties agree, that the plaintiff substantially prevailed as to the amount in controversy and on the significant issues. The more difficult question is whether the position of the United States in the emergency tax assessment was "unreasonable."

We have found no cases which address the issue of "unreasonableness" in the context of 26 U.S.C. § 7430, as it did not become effective until February 28, 1983. However, a similar statute which has been discussed by a number of courts is the attorneys' fees provision of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). Like the Internal Revenue Code, the Equal Access to Justice Act allows for fees and costs to be awarded against the United States in certain cases. Under 28 U.S.C. § 2412(d)(1)(A), a court must award fees and expenses to the prevailing party *"unless* the court finds that the position of the United States was substantially justified...."  (Emphasis supplied.)

■ The term "substantially justified" has been interpreted by several courts in this Circuit to be a test of "reasonableness."  *National Resources Defense Council, Inc. v. United States Environmental Protection Agency,* 703 F.2d 700 (3d Cir.1983); *Watkins v. Harris,* 566 F.Supp. 493 (E.D.Pa.1983). All facts and circumstances surrounding the proceeding must be considered when making this determination. It cannot be automatically presumed that the position of the United States was not substantially justified or unreasonable simply because it lost the case. *Watkins v. Harris,* 566 F.Supp. at 498. As was held in the leading case, *Broad Ave. Laundry and Tailoring v. United States,* 693 F.2d 1387 (C.A.Fed. 1982),

The mere fact that the United States lost the case does not show that its position in defending the case was not substantially justified. The committee reports make this clear. They explain that the standard of reasonableness "should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." S.Rep. No. 253, *supra* at 7; H.R.Rep. No. 1418, *supra* at 11, 1980 U.S.Code Cong. & Ad.News at 4990. Indeed the committee reports show that Congress did not intend the "substantially justified" standard to "require the Government to establish that its decision to litigate was based on a substantial probability of prevailing." *Id.* Making the outcome of the case determinative

would virtually eliminate the "substantially justified" standard from the statute.

*Id.* at 1391–92.

 In reviewing the facts and circumstances of the case at bar, we do not believe the Government's position was unreasonable.

The IRS agents who conducted the emergency tax assessment and seized the plaintiff's money were confronted with a bizarre situation. At the time of the assessment, the plaintiff was an unemployed, 24-year old whose income tax returns for the years 1979 through 1982 never showed an adjusted gross income of more than $17,114.00, yet, on the day of the seizure, he had over $50,000.00 in cash in a safe, almost $2,000.00 in cash on his person, and automobiles worth over $10,000.00. These were the facts which the IRS agent had at the time of the assessment and it appeared that the plaintiff was hiding money. It was not known until later that the plaintiff had purchased the Corvette with a friend and that the cash in his safe was supposedly a combined savings into which he and his girlfriend contributed.

Even after hearing this testimony, we stated that it was "extremely incredible." *See* Transcript of Hearing, p. 84. However, we looked at all of the facts which were available at the time of the hearing and concluded that "the government's attempts to collect the money due and owing for 1983, . . ., [would not be] jeopardized by the return of the fund to the taxpayer . . ." *Id.* Unlike the IRS agent who made the assessment in May, 1983, we were afforded the opportunity to hear witnesses and consider additional facts not previously known. The IRS was confronted with an "extremely incredible" set of circumstances and its decision to conduct an emergency assessment was reasonable.

Since it has been determined that the Government's position was not unreasonable, the plaintiff cannot be considered a "prevailing party" as defined by 26 U.S.C. § 7430(c)(2). As such, the plaintiff has not met the threshold criteria for seeking an award of attorneys' fees and costs, and his Motion must be denied.