**James J. RANDAZZO, Appellant**

v.

**UNITED STATES of America, Department of the Treasury, Internal Revenue Service, et al.**

**No. 84–3176.**

United States Court of Appeals, Third Circuit.

Argued Dec. 6, 1984.

Decided Dec. 27, 1984.

---

David A. Goodman (argued), Pittsburgh, Pa., for appellant.

Michael L. Paup, Chief, Appellate Section, Glenn L. Archer, Jr., Asst. Atty. Gen., Gilbert S. Rothenberg, Laurie A. Snyder (argued), U.S. Dept. of Justice, Tax Division, Washington, D.C., for appellee; J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., of counsel.

Before ALDISERT, Chief Judge, BECKER, Circuit Judge, and STERN, District Judge.[*]

**OPINION OF THE COURT**

PER CURIAM.

The controlling question for decision is whether we have jurisdiction to entertain an appeal from a judgment of the district court, 581 F.Supp. 1235 (Pa.1984), denying a request for attorney's fees made in conjunction with judicial review of a termination or jeopardy assessment under the Internal Revenue Code. We hold that we have no jurisdiction.

The Allegheny County (Pennsylvania) police arrested the taxpayer, James J. Randazzo, for the possession and sale of cocaine. A search of his house disclosed a safe containing over $50,000 in cash. Further investigation led to the discovery that Randazzo owned a Cadillac, a Corvette, a van, a motorcycle, and a boat, all worth in excess of $14,000. At the time of his arrest, Randazzo, then 23 years of age, was employed as a supermarket clerk at $6.00 an hour. Based on this information, the Internal Revenue Service, pursuant to 26 U.S.C. § 6851, made a termination assessment against him and satisfied the assess-

---

* Honorable Herbert J. Stern, of the United States District Court for the District of New Jersey, sitting by designation.

ment by levying on approximately $29,000 of the cash seized by the police.

Pursuant to 26 U.S.C. § 7429(a), Randazzo sought an administrative review of the assessment. After an IRS appeals officer upheld the assessment, Randazzo successfully appealed to the district court for relief. The district court abated the assessment and ordered a return of the seized money. The district court, however, denied Randazzo's motion for the award of attorney's fees. Randazzo's appeal followed.

Title 26 of the Code, § 7430, provides that in the case of any civil proceeding brought in a court of the United States in connection with the refund of any tax "the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding." *Id.* § 7430(a). The Code states that "reasonable litigation costs" include, inter alia, "reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding." *Id.* § 7430(c)(1)(A)(iv). Randazzo complains that the district court erred in not making an appropriate award.

Although meeting the merits of the contention on appeal, as a threshold matter the government argues that we have no jurisdiction to entertain this appeal. The government explains that § 7429 provides that "[a]ny determination made by a district court [in connection with the making of the assessment] under this section shall be final and conclusive and shall not be reviewed by any other court." § 7429(f). Randazzo responds that this prohibition of an appeal relates only to the determination of the assessment and not to attorney's fees. In reply, the government refers to § 7430(e), which provides that "[a]n order granting or denying an award for reasonable litigation costs under subsection (a), in whole or in part, shall be incorporated as a part of the decision or judgment in the case and shall be subject to appeal in the same manner as the decision or judgment."

We are of the view that the statutory language is clear and unambiguous. Accordingly, no appeal may be lodged in this court. Even if the specific language admitted to some ambiguity, however, the legislative history clearly militates against the contention of the appellant. In its explanation of this legislation the Senate Finance Committee, in its Technical Explanation of Committee Amendment, reported:

> The committee intends that the order granting or denying an award be appealable in the same manner, and to the same extent, as the decision or judgment in the case. Therefore, when a taxpayer prevails on the merits of the case, but is denied an award of litigation costs, the order denying such costs is not separately appealable.

127 Cong.Rec.S. 15595 (daily ed. Dec. 16, 1981).

Faced with both the clear language of the statute and the intention of Congress, we have no difficulty in holding that this court lacks jurisdiction to entertain Randazzo's attorney's fees appeal.

The appeal will be dismissed for lack of jurisdiction.