Gloria R. LAYTON, Plaintiff,

v.

UNITED STATES of America, Internal Revenue Service, J. Cameron Mann, a/k/a Julian C. Mann, Annie C. Mann, William S. Mann and Judy A. Mann, Defendants.

Civ. A. No. 85–339–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Sept. 8, 1986.

Gloria R. Layton, pro se.

Raymond Jackson, Asst. U.S. Atty., Norfolk, Va., Robert K. Coulter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

James R. McKenry, and Philip L. Russo, Jr., Heilig, McKenry, Fraim & Lollar, Norfolk, Va., for J. Cameron Mann, a/k/a Julian C. Mann, Annie C. Mann, William S. Mann and Judy A. Mann, defendants.

## ORDER

MacKENZIE, District Judge.

This matter comes before the Court on motions by defendants J. Cameron Mann, a/k/a Julian C. Mann, Annie C. Mann, William S. Mann and Judy A. Mann (hereinafter Mann defendants) to confirm the parties' settlement agreement, to quash the Internal Revenue Service's levy, and to award attorney's fees.

Cameron and Annie Mann allegedly failed to pay $8,935.10 of their income taxes for 1977 and 1978. In October of 1982, the IRS filed a lien on the Manns' residence

for the delinquent assessment. In November of 1982, the Manns sold the property to Gloria Layton who then apparently leased the home back to the Manns.

On January 18, 1984, the IRS, apparently by mistake, released the lien and issued a form letter stating that "[a]ccording to our records Mr. and Mrs. Mann do not have any delinquent taxes due IRS. The lien we held has been paid and released." One month later, Gloria Layton sold the property to William and Judy Mann, the son and daughter-in-law of Cameron and Annie Mann. This sale is not attacked. At closing, $11,000 of the purchase price was put into an escrow account to satisfy any contingent liability, including the hassle over the "released" lien.

In May of 1985, Gloria Layton filed the present interpleader action and deposited the $11,000 escrow fund into the registry of this Court. *See* Fed.R.Civ.P. 22. In February of the next year, Layton, the IRS, and each of the Manns agreed to "settle the above-entitled case involving the rights to $11,000 interpleaded into the Court by Gloria Layton." *Letter of Counsel for the United States*, p. 1 of 2 (February 26, 1986). Although the settlement resolved the rights of the parties to the interpleader funds, the IRS specifically accepted the compromise on the condition that it would not affect the ultimate tax liability of Cameron and Annie Mann.

The parties then sent to the Court a fully endorsed "Stipulation of Dismissal" and a proposed "Order of Disbursal." These documents reflect that the settlement allocated $2,200 to Cameron and Annie Mann, $2,200 to William and Judy Mann, $898 for expenses to Gloria Layton, and $5,702 to the IRS. After specifically agreeing to this settlement as to this $11,000 asset, and endorsing a written stipulation so stating, the IRS immediately levied on the $2,200 which it had agreed, without equivocation, would be distributed to Cameron Mann. Significantly, neither the stipulation nor the disbursal order has been entered by the Court.

Subsequently, the Mann defendants moved to quash the IRS's levy against the interpleader fund, and filed a petition for attorney's fees.

-------

The Court holds that the IRS settled the Manns' 1977–1978 tax liability to the *extent it would apply against this interpleader fund*. The Manns, of course, still owe the balance of the tax assessment, and the agreement on the disbursement of this interpleader fund does nothing to affect that ultimate income tax liability of the Manns for 1977 and 1978. Nevertheless, even though the IRS did not compromise the Manns' ultimate liability for the remaining deficit, it did extinguish its ability to collect the deficit from the portion of the interpleader fund allocated to Cameron and Annie Mann by its agreement.

In other words, the IRS predicated its claim to the interpleader fund upon the Manns' 1977–1978 tax liability—absent this the IRS would have no standing to collect from the fund. By stipulation, the IRS agreed that the ultimate tax liability would not be enforced against this interpleader fund. The IRS voluntarily released any further claim against this fund.

The Counsel for the United States argues that the decision to issue this extraordinary levy did not occur *until after the interpleader negotiations ended,* and for that reason, the IRS did not actively mislead the Manns or fail to disclose an essential element of the bargain. This explanation, in all candor, is not impressive to this Court. The IRS cannot upset a settlement by coming up with something after the fact.

█ The IRS contends, and the Court assumes arguendo, that it has statutory authority to levy against registry funds held by the Clerk of Court. *See Federal Home Life Insurance Co. v. Ross,* 53 A.F. T.R.2d ¶ 84–513 (N.D.Ga.1984) [Available on WESTLAW, DCTU database]. The Court notes, however, that no reported case deals with the unique problem presented here when the IRS, as a defendant to an interpleader action, levies against

settlement funds due to a co-defendant *after otherwise agreeing.*

■ The IRS further argues that the Court has no jurisdiction to quash the levy because the Anti-Injunction Act, 26 U.S.C. § 7421, forbids "suit(s) for the purpose of restraining the assessment or collection of any tax. . . ." The Manns' remedy, the IRS contends, would be to pay the levy and sue for a refund.

This assertion is inapposite. The present case involves only an interpleader action, not a suit to enjoin the collection of any tax. The parties seek to resolve the rights to a specific fund, and for that reason, the Court's subject matter jurisdiction rests on the interpleader statutes. *See* 28 U.S.C. §§ 1335, 2361. Taking the IRS's position to its logical conclusion, an interpleader court could never resolve a contested issue against the IRS because it would be giving its imprimatur to a "suit to enjoin the collection of taxes"—even if the IRS itself agreed in writing to a settlement.

Thus, the Court holds that the IRS cannot levy against the registry funds, in this particular case, because such action would be contrary to a valid settlement to which the IRS itself specifically agreed. The Court quashes the levy, enters the Stipulation of Dismissal and Order of Disbursal, and thereby effectuates the parties' settlement agreement.

———

The Court expressed itself following oral argument in this matter, that the action of the United States on the facts of this case appeared to warrant a grant of attorney's fees to J. Cameron Mann, defendant.

The Internal Revenue Code authorizes the award of reasonable attorney's fees and other litigation costs to parties who substantially prevail in civil tax litigation in federal courts. 26 U.S.C. § 7430(a) (1986). Under the Code, the prevailing party may be awarded attorney's fees if three conditions are met: (1) administrative remedies have been exhausted, (2) the position of the United States in the proceeding was unreasonable, and (3) the party has substantially prevailed as to the amount in controversy and the issues presented. 26 U.S.C. § 7430(b) (1986). *See Randazzo v. U.S. Dept. of Treasury I.R.S.*, 581 F.Supp. 1235 (W.D.Pa.), *appeal dismissed* 751 F.2d 145 (3d Cir.1984).

■ In the present case, the Court finds that these conditions have been met. Given the number of parties and transactions involved, the confusion over the IRS's released lien, and the fact that the IRS entered into this action, an interpleader proceeding is an appropriate remedy to settle the rights of the respective parties to the $11,000 fund in question. If further administrative remedies were available, the parties were excused from exhausting them by the IRS's participation in this interpleader action. Once the IRS entered into negotiations and signed the settlement agreement in this action, it was unreasonable for the IRS then to refuse to accept the terms of that settlement—*i.e.,* to seek to prevent the disbursal of funds to the parties as agreed. Finally, the Manns substantially prevailed as to their right to the agreed-upon portion of the interpleader fund.

The Code limits the availability of attorney's fees to civil tax cases instituted after February 28, 1983, and before December 31, 1985. *See* 26 U.S.C. § 7430(f) (1986); and Section 292(e)(1) of Pub.L. No. 97–248, 96 Stat. 574 (1982). However, the Court construes all aspects of this action as one proceeding, and therefore dates the entire suit from May 8, 1985, when the petition for interpleader was filed.

The Court therefore finds that the suit was filed within the prescribed period, that the Manns meet the statutory conditions, and that an award of attorney's fees to them is therefore appropriate. The Court hereby GRANTS an award in the amount of $817.57. *See* Defendants' Brief in Support of Petition for Attorney's Fees filed on July 11, 1986.

———

In summary, the Court ENTERS the Stipulation of Dismissal and the Order of

Disbursal. The Court also GRANTS motions of the Mann defendants to confirm the settlement and to quash the IRS's levy, and awards attorney's fees to J. Cameron Mann in the sum of $817.57.

It is so ORDERED.