978 F.2d 1091
 70 A.F.T.R.2d 92-6106, 93-1 USTC P 50,287
 Erma STITES, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-56164.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 3, 1992.
Decided April 1, 1992.
As Amended on Denial of Rehearing
and Rehearing En Banc Oct. 28, 1992.
 
 A. Lavar Taylor, Busch & Taylor, Irvine, Cal., for plaintiff-appellant.
 Shirley D. Peterson, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before: CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 ORDER
 
 1
 The panel has voted unanimously to amend the opinion previously issued in this case. The opinion filed April 1, 1992, 960 F.2d 864, is amended as follows:
 
 
 2
 With that amendment, the panel has voted to deny the petition for rehearing and reject the suggestion for rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc, and of the proposed amendment to the opinion, and no judge of the court has requested a vote to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 4
 The petition for rehearing is hereby denied and the suggestion for rehearing en banc is rejected.
 
 OPINION
 CANBY, Circuit Judge:
 
 5
 Erma Stites appeals the district court's denial of her request for attorney's fees and her motion for reconsideration. We dismiss this appeal for lack of jurisdiction.
 
 BACKGROUND
 
 6
 Erma Stites brought an action in the district court pursuant to 26 U.S.C. § 7429(b), seeking to abate a jeopardy assessment made against her by the Internal Revenue Service ("IRS")[1] After receiving copies of Stites' papers filed in the district court, the IRS conceded in a notice to the court that the jeopardy assessment should be abated. The district court entered an order directing the IRS to abate the jeopardy assessment against Stites and to release all liens and levies enforcing the assessment.
 
 
 7
 Stites subsequently filed a motion for attorney's fees and costs pursuant to 26 U.S.C. § 7430. After a hearing, the district court denied Stites' motion on the ground that she had not established that her net worth was less than four million dollars, the statutory eligibility cap for the recovery of attorney's fees. 26 U.S.C. § 7430(c)(4)(A)(iii); 28 U.S.C. § 2412(d)(2)(B).[2] On July 6, 1990, Stites filed a motion for reconsideration in the district court pursuant to Fed.R.Civ.P. 59(e), accompanied by evidence supporting her contention that her net worth was less than two million dollars. The district court denied Stites' motion because the new evidence was known or available to Stites at the time of her original motion for attorney's fees. Stites now appeals the denial of the motion for reconsideration and the denial of her request for attorney's fees.
 
 DISCUSSION
 
 8
 The government argues that 26 U.S.C. §§ 7429 and 7430 deprive us of jurisdiction to hear this appeal. Section 7429 establishes that "[a]ny determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." 26 U.S.C. § 7429(f). Section 7430 establishes that
 
 
 9
 [a]n order granting or denying (in whole or in part) an award of reasonable litigation or administrative costs under subsection (a) in a court proceeding, may be incorporated as a party of the decision or judgement in the court proceeding and shall be subject to appeal in the same manner as the decision or judgment.
 
 
 10
 26 U.S.C. § 7430(f)(1) (emphasis added).
 
 
 11
 We generally have given a broad reading to the prohibition on appellate review contained in § 7429(f). See Stebco Inc. v. United States, 939 F.2d 686, 687-88 (9th Cir.1990); Zuluaga v. United States, 774 F.2d 1487, 1489 (9th Cir.1985); Nichols v. United States, 633 F.2d 829, 831 (9th Cir.1980).[3] The plain language of Section 7430 compels us to treat an appeal of the district court's attorneys fees determination arising out of a Section 7429 action "in the same manner" as we would treat an appeal of the Section 7429 action itself. The district court's judgment abating the jeopardy assessment against Stites is not subject to appellate review; therefore, the district court's refusal to award attorney's fees to Stites not subject to appellate review. Randazzo v. United States, 751 F.2d 145, 146 (3d Cir.1984).
 
 
 12
 This is not a case like Morgan v. United States, 958 F.2d 950 (9th Cir.1992), in which we reviewed a district court's ruling denying the plaintiff standing to bring a section 7429 action. There we held that such a ruling was not a determination "on the merits" within the meaning of Fed.R.Civ.P. 41(b), and that accordingly subsection 7429(f) did not bar us from reviewing it. Here, Stites' challenge under section 7429 to her tax assessment was decided on the merits by the district court. Subsection 7429(f) consequently deprived us of jurisdiction to review that decision. We must treat Stites' appeal from the denial of attorneys' fees as we would an appeal of the district court's decision on the merits. 26 U.S.C. § 7430. We therefore must dismiss for lack of jurisdiction.
 
 
 13
 Nor do we acquire jurisdiction over this appeal by virtue of Stites' challenge to the district court's denial of her motion to reconsider. We could not review the district court's ruling on Stites' motion for reconsideration without delving into the merits of the district court's denial of Stites' motion for attorney's fees. Any such review would create a rule-swallowing exception to the prohibition on appellate review of attorney's fees determinations in actions brought under Section 7429. We do not have jurisdiction to hear Stites' appeal of the district court's denial of her motion for reconsideration. Pals v. United States, 867 F.2d 1162, 1163 (9th Cir.1989).
 
 
 14
 Accordingly, we dismiss this appeal for lack of jurisdiction.
 
 
 15
 DISMISSED.
 
 
 
 [1]
 Stites had exhausted her administrative remedies prior to filing this action as required by 26 U.S.C. § 7429(a)
 
 
 [2]
 The IRS does not dispute that Stites satisfies the other requirements for the recovery of attorney's fees by a "prevailing party." 26 U.S.C. § 7430(c)(4)
 
 
 [3]
 Stites' reliance on Sliwa v. Commissioner, 839 F.2d 602 (9th Cir.1988), is misplaced. In Sliwa, we entertained an appeal of a denial of attorney's fees under Section 7430 after the government had conceded its case in the Tax Court on the merits. While the government had no reason to appeal the resulting judgment against it, there was no statutory bar to appeal as there is in the present case under Section 7429(f). No one in Sliwa contended that the attorney's fee appeal was barred because the judgment on the merits was not subject to appeal, and we did not rule on that question