ROBERT LEE MCWILLIAMS, PETITIONER *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT

Docket No. 4651–92.         Filed March 20, 1995.

*Stevan Douglas Looney,* for petitioner.
*T. Richard Sealy III,* for respondent.

OPINION

PARR, *Judge:* This matter is before the Court on petitioner's motion for litigation and administrative costs filed September 30, 1994, pursuant to Rule 231[1] and section 7430. Respondent determined deficiencies in and additions to petitioner's Federal income taxes for tax years 1986, 1987, and 1988. The case has been docketed, tried, and submitted to the Court for decision but has not yet been decided. After trial, respondent made a jeopardy assessment against petitioner and a jeopardy levy on petitioner's property. On July 21, 1994, petitioner and his wife[2] requested an administra-

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, unless otherwise indicated.

[2] The jeopardy assessment was also addressed to "Luz Elena McWilliams". According to documents filed with petitioner's motion for review of the jeopardy assessment, the McWilliamses were divorced on Sept. 13, 1990. Luz Elena McWilliams is not a petitioner in this case. She was

tive review of the jeopardy assessment in accordance with section 7429(a)(2). In a letter dated July 27, 1994, respondent sustained the jeopardy assessment subject to stipulations and concessions previously agreed to by the parties. In reality, however, respondent failed to reduce the amount of the assessment to reflect the full amount of these concessions until the matter was before the Court and, even after purportedly recomputing the amount, respondent still failed to take into account a $150,000 concession respondent had made at trial. On August 11, 1994, petitioner filed a motion for review of the jeopardy assessment and levy with the Court pursuant to Rule 56.

In our opinion of August 30, 1994, we reviewed respondent's jeopardy assessment and levy pursuant to petitioner's motion made in accordance with section 7429(b)(2) and Rule 56. Because respondent did not prove that the jeopardy assessment and levy were reasonable, we ordered abatement of the jeopardy assessment and release of the levy. *McWilliams v. Commissioner*, 103 T.C. 416 (1994) (McWilliams I). Our findings of fact and opinion therein are incorporated by this reference.

Since our decision a number of motions have been filed by the parties. On September 23, 1994, respondent filed a motion for reconsideration pursuant to Rule 161 and a motion to stay the effect of our order. The Court denied both motions. The current motion for litigation fees and costs was filed on September 30, 1994. Initially, the Court granted respondent a 1-week extension to file a response. However, on November 7, 1994, respondent requested an additional 2 weeks for leave to file out of time for the following reason:

[petitioner's] motion * * * presents an issue of first impression, that is, the consideration of a claim for attorney's fees and costs prior to the conclusion of the litigation, and the respondent's response to the Motion * * * is presently under consideration and review by the respondent's National office.

The Court granted respondent's motion, and on November 14, 1994, respondent filed her response. On November 23, 1994, petitioner filed his reply to respondent's response.

---

originally indicated as a petitioner; however, she neither signed the original petition nor ratified its filing on her behalf. Accordingly, we dismissed her from the case for lack of jurisdiction.

While the issue of attorney's fees was pending, on November 29, 1994, petitioner filed a motion to enforce order abating jeopardy assessment and for contempt for respondent's failure to comply with our order of August 30, 1994. On November 30, 1994, we ordered respondent to take specific actions to comply with our order. We held in abeyance petitioner's motion for contempt pending assurance that respondent had indeed fully complied with our order. After conference calls with the parties on December 7 and December 14, 1994, the Court was assured that respondent had fully complied with our orders of August 30 and November 30, 1994. Accordingly, on December 15, 1994, we denied petitioner's motion for contempt.

The instant case presents a number of procedural and substantive issues. We have severed the issues into two related opinions. This opinion decides whether the Court may act on petitioner's motion for litigation and administrative costs relating to the review of the jeopardy assessment before the deficiency action has been decided; and, if so, what is the proper vehicle for disposition of the motion.[3] Since we hold that the disposition of the motion is not premature, in our second related opinion we must decide whether petitioner is entitled to an award of litigation fees and administrative costs as provided by section 7430 and Rule 231. See *McWilliams v. Commissioner,* T.C. Memo. 1995–111.

*Whether Motion for Litigation Fees and Costs Is Premature*

Respondent's entire argument on this issue of first impression is set out below:

Respondent's primary position is that petitioner's motion is premature. The jeopardy assessment was made in connection with a proceeding that has been docketed, tried and submitted to the Court for opinion, and is but one issue of that proceeding, and certainly not the major one. The major issues are the petitioner's federal income tax liability for the years 1986 through 1988. These issues have not yet been determined, and petitioner's motion is thus premature. Tax Court Rule 231(a) provides, in relevant part, that a claim for unagreed litigation and/or administrative costs shall not be filed until after the parties have resolved by litigation or settlement

---

[3] All other procedural requirements of this case have been met in compliance with Rule 231. Rule 231(a)(2) provides the time and manner of filing a motion for litigation and administrative costs in unagreed cases. Rule 231(b) describes the contents of the motion. Rule 231(d) requires an affidavit in support of the motion.

*all* issues in the case other than litigation or administrative costs. The "written opinion" referred to in Tax Court Rule 231(a)(2)(A) should not cover interlocutory opinions that might resolve only one issue in a multiple issue case. At a minimum, the Tax Court should not entertain taxpayer's motion at this time and should deny it without prejudice to renew upon completion or disposition of all other issues.

We disagree with respondent on several fronts. First, it is clear that the validity of a jeopardy assessment is *not* an issue raised in the notice of deficiency and cannot be properly regarded as one of several issues in the deficiency case itself. Respondent is confusing *issues* with *jurisdiction*. Our jurisdiction to review a jeopardy assessment is dependent on the filing of a petition for redetermination of a deficiency. But if *one* or more taxes and taxable periods before the Court because of such petition is also included in the written statement concerning the jeopardy assessment that the Commissioner is required to provide to the taxpayer, we then have jurisdiction over all taxes and periods included in that written statement. Sec. 7429(b)(2)(B).

Once that threshold jurisdictional requirement is satisfied, the review of a jeopardy assessment is a wholly distinct proceeding. It is a proceeding subject to strict time limitations that do not apply to the deficiency proceeding. Sec. 7429(b)(3). A determination made by a court under section 7429 is not appealable. Sec. 7429(f). Two Courts of Appeals have held that no appeal may be taken from an order granting or denying an award of litigation costs in a section 7429 proceeding. *Stites v. United States,* 978 F.2d 1091 (9th Cir. 1992); *Randazzo v. United States,* 751 F.2d 145 (3d Cir. 1984); see sec. 7430(f).

Moreover, in amending the Tax Court Rules of Practice and Procedure in 1989 to conform to the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100–647, sec. 6237, 102 Stat. 3342, 3741[4] (which gave us jurisdiction to review jeopardy assessments), we divided the new jurisdiction items into (1) collateral proceedings, Explanatory Note to Rule 55, 93 T.C. 876; Explanatory Note to Rule 56, 93 T.C. 880;

---

[4] Our jurisdiction to review jeopardy assessments is provided by sec. 7429(b)(2)(B), enacted in the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100–647, sec. 6237, 102 Stat. 3342, 3741, applicable to jeopardy levies issued or assessments made on or after July 1, 1989. The Congress had provided for jeopardy assessment review in the Tax Reform Act of 1976, Pub. L. 94–455, sec. 1204, 90 Stat. 1695, and added the Tax Court to an already-existing structure in 1988.

Explanatory Note to Rule 57, 93 T.C. 887; (2) supplemental proceedings, Explanatory Note to Rule 260, 93 T.C. 1034, 1037; Explanatory Note to Rule 261, 93 T.C. 1040; Explanatory Note to Rule 262, 93 T.C. 1043–1044; and (3) freestanding proceedings, Explanatory Notes to Rules 270–274, 93 T.C. 1045–1052. The jeopardy assessment review provision is one of the collateral proceedings.

In a collateral proceeding, as further discussed below, a determination as to whether a jeopardy assessment is proper or improper has no effect on the outcome of the deficiency case (and vice versa).

We have not previously had the occasion to decide the timing of a motion for litigation fees and costs in the context of the review of a jeopardy assessment. McWilliams I was a case of first impression for this Court. However, two District Courts have dealt with the issue of awarding attorney's fees and costs in jeopardy assessment proceedings. *Penner v. United States,* 582 F. Supp. 432 (S.D. Fla. 1984); *Randazzo v. United States,* 581 F. Supp. 1235 (W.D. Pa. 1984).

In *Penner,* the District Court found that the making of the jeopardy assessment was not reasonable under the circumstances. *Id.* at 436. The court stated that its determination had no bearing on the ultimate tax liability, if any, of the plaintiff (taxpayer). *Id.* Moreover, in light of the court's determination on the merits in the action (i.e., the reasonableness of the jeopardy assessment), the court held that attorney's fees would be available pursuant to section 7430. *Id.* at 437.

In *Randazzo,* the court abated the jeopardy assessment under section 7429 because it found that the Government would not be jeopardized by the return of the money to the taxpayer. *Id.* at 1236. Attorney's fees were denied, however, because the court found that the Government's position was reasonable. Moreover, the court found that in deciding to abate the assessment, it had the benefit of information not known to the Government when the assessment was made. *Id.* at 1238.

The District Courts have consistently held that a jeopardy assessment proceeding is separate and distinct from the tax liability proceeding. "In a proceeding brought under Section 7429, the actual question of ultimate tax liability is not at issue." *Penner v. United States, supra* at 434. "The proper

scope of the summary determination by the reviewing court under 26 U.S.C. section 7429 is to determine the reasonableness of the assessment against the taxpayer, not to determine the taxpayer's actual tax liability." *United States v. Doyle,* 494 F. Supp. 1041, 1041 (E.D. Wis. 1980); *Eriksen v. United States,* 45 AFTR 2d 80–1053, 80–1 USTC par. 9260 (E.D. Mich. 1980); *Loretto v. United States,* 440 F. Supp. 1168, 1175 (E.D. Pa. 1977).

Furthermore, the summary proceeding is to be conducted for the purpose of making an independent determination as to the reasonableness of making the jeopardy assessment and the appropriateness of the amount of the assessment. *Haskin v. United States,* 444 F. Supp. 299 (C.D. Cal. 1977). It does not contemplate that the court attempt to determine the ultimate tax liability. Therefore, a determination pursuant to section 7429 will have no effect upon the determination of the correct tax liability in a subsequent proceeding. *Id.* at 304 (citing S. Rept. 94–938, at 365 (1976), 1976–3 C.B. (Vol. 3) 49, 403).

This Court has espoused these same principles, albeit in a different context. In *Estate of Merchant v. Commissioner,* T.C. Memo. 1990–160, affd. 947 F.2d 1390 (9th Cir. 1991), the taxpayer was the subject of an illegal search and seizure. The Internal Revenue Service (IRS) issued a notice of deficiency and a jeopardy assessment, seizing cash discovered in the search. The evidence obtained in the search was the basis of the notice of deficiency and jeopardy assessment. The District Court granted the taxpayer's motion to suppress the evidence seized and ordered the IRS to abate the jeopardy assessment and refund the money collected thereunder. Subsequently, the Commissioner conceded the deficiency proceeding and a motion for litigation costs was filed. We had to decide whether the Commissioner's position in the deficiency proceeding was unreasonable so that attorney's fees were warranted. The taxpayer argued that collateral estoppel bound the Court to the District Court's findings in its review of the jeopardy assessment. We disagreed. In reaching our conclusion, we stated that the summary proceeding under section 7429 "is unrelated for substantive *and procedural purposes* to any subsequent action in this Court." *Id.* (emphasis added). "Consequently, respondent was not collaterally estopped from litigating in the proceeding in this Court any

finding made by the District Court in the proceeding under section 7429."[5] *Id.*

The cases cited *supra* pp. 324–325 find authority in the legislative history to section 7429:

In determining whether the amount assessed is appropriate under the circumstances, the court is not expected to attempt to determine ultimate tax liability. Rather, the issue to be determined is whether, based on the information then available, the amount of the assessment is reasonable. * * *

[Moreover,] A determination made under new section 7429 will have no effect upon the determination of the correct tax liability in a subsequent proceeding. *The proceeding under* * * * *[section 7429] is to be a separate proceeding which is unrelated, substantively and procedurally, to any subsequent proceeding to determine the correct tax liability,* either by action for refund in a Federal district court or the Court of Claims *or by a proceeding in the Tax Court.*

[S. Rept. 94–938, *supra* at 365, 1976–3 C.B. at 403; emphasis added.]

See also *United States v. Doyle, supra; Haskin v. United States, supra.*

Moreover, the Courts of Appeals have ruled that an order granting or denying an award of litigation costs in a section 7429 proceeding is not appealable. *Stites v. United States,* 978 F.2d 1091 (9th Cir. 1992); *Randazzo v. United States,* 751 F.2d 145 (3d Cir. 1984). In this respect, a determination in a section 7429 proceeding is *not* an interlocutory ruling (which could be reviewable immediately on a discretionary basis or could be appealable as a matter of right).[6]

As a result, it is appropriate to deal with the motion for attorney's fees as it relates to the jeopardy assessment review proceeding separately from the merits of the deficiency proceeding, and there ordinarily would be no persuasive reason to delay dealing with the motion for attorney's

---

[5] The Court of Appeals for the Ninth Circuit upheld the Court's decision; however, it did not rule on the collateral estoppel issue.

We cannot say that the collateral estoppel issue is free from doubt. * * * We have been referred to no case holding that a ruling in a summary jeopardy proceeding must be given preclusive effect in a subsequent Tax Court or other proceeding. * * * we * * * conclude that the Tax Court in its discretion could properly determine that it was not unreasonable for the government to take the position, * * * that there was no preclusive effect). [*Estate of Merchant v. Commissioner,* 947 F.2d 1390, 1394 (9th Cir. 1991), affg. T.C. Memo. 1990–160; fn. ref. omitted.]

[6] Interlocutory. * * * Provisional; interim; temporary; not final. Something intervening between the commencement and the end of a suit which decides some point or matter, but is not a final decision of the whole controversy. An interlocutory order or decree is one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits. * * * [Black's Law Dictionary 815 (6th ed. 1990).]

fees on the jeopardy assessment review until the deficiency proceeding is completed.

However, our analysis cannot stop here. The District Courts did not decide the precise issue confronting us, because their decisions were based on section 7430 without considering the additional requirements under the Tax Court's Rules of Practice and Procedure. In deciding whether the motion is premature, we must consider the effect of Rules 231(a)(2)(A) and 232(f).

Rule 231(a)(2)(A) provides:

*Unagreed cases:* Where a party has substantially prevailed and wishes to claim reasonable litigation or administrative costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed—

(A) Within 30 days after the service of a written opinion determining the issues in the case;

Our opinion in McWilliams I disposed of all the issues raised in the jeopardy assessment. Petitioner's motion was timely filed thereafter.

Although respondent cited no cases in support of her contention, we have considered other instances in which we have held that a motion for litigation costs was premature. See, e.g., *Groetzinger v. Commissioner,* 87 T.C. 533 (1986).[7] These cases are inapposite. In each of these cases, the taxpayer sought litigation fees before the service of a written opinion disposing of the issues in dispute (e.g, in his petition or by motion at trial). Each of these cases involved a deficiency determination—not a jeopardy assessment determination. They stand for the proposition that it is premature for a taxpayer to seek fees *before* it is known that he or she has prevailed. The rationale for this is obvious: the saving of the Court's and the parties' time, energy, and expense in briefing and arguing what may be a futile claim.

That is not this case. The issues concerning the merits of the jeopardy assessment and levy were resolved in McWilliams I. This was not an interlocutory opinion but rather was separate from the deficiency case. Petitioner was

---

[7] See also *Fisher v. Commissioner,* T.C. Memo. 1994–434; *Chase v. Commissioner,* T.C. Memo. 1990–139; *Roberts v. Commissioner,* T.C. Memo. 1987–391, affd. 860 F.2d 1235 (5th Cir. 1988); *Egner v. Commissioner,* T.C. Memo. 1984–473.

the clear winner. His legal costs regarding that proceeding are determinable at this point.

Thus, we hold that petitioner's motion for litigation fees is not premature.

However, this raises a further question. Although the *motion* is not premature, does Rule 232(f) apply to require petitioner to wait until the deficiency proceeding is resolved to receive the reimbursement of his expenses?

Rule 232(f) states that the "Court's disposition of a motion for reasonable litigation or administrative costs shall be included in the decision entered in the case." Notwithstanding this language, the Court need not and should not force the taxpayer to wait for relief until the deficiency case is resolved. Our reasons are set out below.

First, *Rule 232(f) does not apply to this situation.* In connection with the 1989 revision of our Rules, we explained that "The amendment [to Rule 232] is designed to simplify *appeal* procedures by incorporating into a single document the Court's disposition of both the substantive issues in the case and the motion for reasonable litigation or administrative costs." Explanatory Note to Rule 232, 93 T.C. 1021 (emphasis added). However, as discussed above, it appears that neither our determination as to the validity of the jeopardy assessment nor the ancillary attorney's fees determination is appealable. Thus it is doubtful that any purpose would be served (except the *creation* of confusion) by including the attorney's fees determination in a decision that is appealable (i.e., the decision to be entered in the deficiency proceeding).

We conclude that Rule 232(f) was not intended to, and does not, apply to litigation costs related to a jeopardy proceeding.

Under Rule 1, we are therefore free to fashion an appropriate procedure:

(a) Scope: * * * Where in any instance there is no applicable rule of procedure, the Court or the Judge before whom the matter is pending may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand.

(b) Construction: These Rules shall be construed to secure the just, speedy, and inexpensive determination of every case.

As applied to the instant case, this leads us to conclude that the disposition of the motion for attorney's fees as to the jeopardy assessment review should supplement and be related to our order that the jeopardy assessment be abated and the levy released. However, because section 7429(b)(3) requires that the Court determine the reasonableness and the appropriateness of the jeopardy assessment within 20 days after the taxpayer has requested judicial review, whereas litigation costs may not be requested until a party has substantially prevailed, it may not be possible to include the disposition of the motion for attorney's fees in the jeopardy assessment review order. However, we can, and in this case we will, enter a supplemental order regarding attorney's fees.

Moreover, *a quick resolution is in the interests of justice and comports with the policy behind the jeopardy review provisions.* Rule 1(b). In contrast, a delay in deciding the attorney's fees motion can result in substantial hardship and inequities. In the case before us the jeopardy assessment was made after the deficiency case had been *tried.* However, one could easily imagine a case where a jeopardy assessment is made soon after the Tax Court petition is *filed.* It could take a year before the petition in the deficiency case is answered, scheduled for trial, and tried, and another year for briefing, opinion, possible Rule 155 computations, and decision. Where it is determined that the jeopardy assessment was unreasonable and that the Government is liable for administrative or litigation costs in connection therewith, it would be grossly unfair to the taxpayer to require him or her to wait 2 years or more to be reimbursed for those costs. In fact, the financial burden imposed and the delay in reimbursement might impede the taxpayer's ability to effectively prosecute the deficiency proceeding. Moreover, delay seems out of keeping with the congressional mandate of an expeditious handling of jeopardy review. See sec. 7429(b)(3).

Finally, *the procedure we adopt is necessary to avoid confusion.* If the jeopardy litigation costs determination were embodied in the deficiency decision document, confusion would arise as to the separate causes of action. We can readily envision a case, for example, where (a) the jeopardy assessment is found to be unreasonable and is ordered abated, but (b) the Commissioner's determination as to the deficiency is substantially sustained. If the two determina-

tions are blended in one decision, confusion could result as to whether the taxpayer "substantially prevailed" in the deficiency proceeding. See sec. 7430(c)(4)(A)(ii). Such confusion flies in the face of the uncompromising statutory and judicial authority that the two causes of action are distinct and to be separately determined.

The potential confusion inherent in mingling the two causes of action in one decision becomes even more apparent where there is an appeal. Litigation costs in a deficiency case may be appealed, along with the underlying case. Sec. 7430(f)(1). However, two Courts of Appeals have held that a determination granting or denying an award for attorney's fees relating to a jeopardy assessment case is not appealable. Sec. 7430(f); *Stites v. United States,* 978 F.2d 1091 (9th Cir. 1992); *Randazzo v. United States,* 751 F.2d 145 (3d Cir. 1984).

In McWilliams I, we held that the jeopardy assessment was not reasonable and had to be abated and the levy released. *McWilliams v. Commissioner,* 103 T.C. at 428. The issues necessary to a determination on the merits of the section 7429 proceeding were decided.[8] Accordingly, we now hold that a motion for attorney's fees and costs relating to a jeopardy assessment proceeding in which an order has been entered may be decided by a supplemental order, notwithstanding that the issues concerning petitioner's tax liability in the deficiency case have not yet been decided.

---

[8] Since we found the jeopardy assessment not reasonable under the circumstances, we never reached the question of whether the amount was appropriate. *McWilliams v. Commissioner,* 103 T.C. at 428.