Bryce BUCHANAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV 88–969–PA.

United States District Court, D. Oregon.

Nov. 10, 1990.

**320**

Kevin O'Connell, Christopher H. Kent, O'Connell, Goyak & DiLorenzo, Portland, Or., for plaintiff.

Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## OPINION

PANNER, District Judge.

Plaintiff petitions for attorney's fees incurred in defense of an appeal. I find that plaintiff is entitled to an award of attorney's fees and order plaintiff to submit a revised petition.

## BACKGROUND

Plaintiff brought this action against the United States for wrongful levy by the Internal Revenue Service (IRS). On May 2, 1989, I issued an opinion finding that the IRS levy was wrongful. I then issued a judgment permanently enjoining the government from placing or retaining any lien or levy upon plaintiff's property, seizing said property, or offering said property for sale.

After entry of judgment, plaintiff petitioned for attorney fees pursuant to 26 U.S.C. § 7430. I granted plaintiff's petition. I found plaintiff the prevailing party and the IRS position not substantially justified. I also found that plaintiff exhausted his administrative remedies. I ordered that the fee award be enhanced for cost-of-living adjustments from the date of passage of the "applicable statute". I also ordered plaintiff to submit a form of judgment.

On July 27, 1989, I entered an amended judgment. This amended judgment permanently enjoined the government from placing or retaining any lien or levy upon plaintiff's property. It also awarded plaintiff costs of $1,494 and attorney fees of $18,-245.

The government appealed the award of attorney's fees to the Ninth Circuit Court of Appeals which affirmed. In his appellate brief, plaintiff indicated he would petition for attorney's fees incurred in defense of the appeal. The Ninth Circuit granted plaintiff's motion to transfer consideration of the issue of attorney's fees on appeal to this court.

## DISCUSSION

■ Plaintiff argues he is entitled to attorney's fees for defense of the appeal because the government's position on ap-

peal was not substantially justified. Plaintiff requests attorney's fees and costs under section 7430 and seeks a cost-of-living adjustment back to October 1, 1981.

## I. *Fees Incurred in Defense of Appeal*

### A. *Section 7430*

Section 7430 authorizes an award of litigation costs if the taxpayer establishes that the government's position was unreasonable and the taxpayer has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented. 26 U.S.C. §§ 7430(a), 7430(c)(4)(A).

### B. *Entitlement to Fees on Appeal*

Plaintiff relies on a recent Fifth Circuit case, *Powell v. Commissioner*, 891 F.2d 1167 (5th Cir.1990). In discussing whether section 7430 allows awards of attorney's fees incurred in defending an appeal of a fee award, sometimes called "fees for fees" litigation, the court rejected the government's argument that its position on the fee issue should be evaluated separately from its position on the merits. *Id.* at 1172. Though the court found no cases addressing this precise issue under section 7430, it analogized to similar cases awarding fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). The court stated

> [a] private citizen's incentive to vindicate his rights through EAJA or § 7430 litigation would be much reduced if, after prevailing on the merits against a government position that was not substantially justified and prevailing in the fee dispute, he could not obtain fees for the fee dispute because the government's position there was "substantially justified".

*Id.* at 1171. Under the Fifth Circuit's approach, where the government's position on the merits is not substantially justified,

"fees for fees" is allowed per se. *See also Russell v. Heckler*, 814 F.2d 148, 155 (3d Cir.1987), *vacated on other grounds*, 487 U.S. 1229, 108 S.Ct. 2891, 101 L.Ed.2d 925 (1988) (where the sole basis for the government's opposition to the fee petition is the alleged substantial justification of the government's position in the underlying proceedings, the petitioner will "almost always, if not always," be entitled to fees for litigation over the EAJA fee petition if she is entitled to fees for the underlying action); *Cinciarelli v. Reagan*, 729 F.2d 801, 810 (D.C.Cir.1984) (awarding fees for fees in EAJA actions avoids a "Kafkaesque judicial nightmare").

Though the reasoning of the per se "fees for fees" approach is sound, the Ninth Circuit establishes precedent for this district. In a 1984 case involving an EAJA attorney fee award, the Ninth Circuit separately analyzed the reasonableness of the government's position on the merits and its position on the appeal. *Rawlings v. Heckler*, 725 F.2d 1192, 1196 (9th Cir.1984).[1] Though the court held that the government's position on the merits was not substantially justified, it also held that the government's position on appeal was reasonable. *Id.* The court refused to award fees incurred in defense of the government's appeal. Though *Rawlings* involved EAJA and not section 7430, its reasoning will undoubtedly control section 7430 awards. I must follow the Ninth Circuit's approach and separately address whether the government's position on appeal was substantially justified.

 The government's position on appeal was not substantially justified. The trial court's determination of the reasonableness of the Commissioner's position under section 7430 is reviewed de novo. *Sliwa v. Commissioner*, 839 F.2d 602, 605 (9th Cir.1988) (determination of the reasonableness of the Commissioner's position un-

---

1. The Ninth Circuit recently noted that the Supreme Court implicitly disapproved of its holding in *Rawlings* in *Commissioner, Immigration and Naturalization Serv. v. Jean*, — U.S. —, 110 S.Ct. 2316, 110 L.Ed.2d 134, by holding that in awarding fees under EAJA for litigating the fees question, a court need not make a separate inquiry into whether the government's opposition in the fees litigation is "substantially justified". *Brown v. Sullivan*, 916 F.2d 492 (9th Cir.1990).

der section 7430 presents a mixed question of law and fact, subject to de novo review).[2]

Under *Sliwa*, my ultimate conclusion that the government's position on the merits was unreasonable, is reviewed de novo. This conclusion was based however, on several independent findings of fact, reviewed under a clearly erroneous standard. *Id.* I found that the government offered no evidence to show that plaintiff had an interest in the property. I also found that a reasonable investigation by the IRS might have prevented this litigation. The government did not have a significant chance of convincing the Ninth Circuit that these factual findings were clearly erroneous. Thus, given that my reasonableness determination was based on these findings of fact, the government did not have a significant chance of convincing the Ninth Circuit to reverse the fee award. The government's position on appeal was unreasonable. Plaintiff is entitled to "fees for fees".

### C. *The Applicable Cost of Living Adjustment*

■ Plaintiff relies on *Cassuto v. Commissioner*, 93 T.C. 256, Tax Ct.Rep. (CCH), 45,968, at 3358 (1989), *appeal docketed*, Nos. 90–4046 (2d Cir. Apr. 20, 1990), to argue that the cost-of-living adjustment allowed under section 7430(c)(1)(A)(iii), should be calculated from October 1, 1981. *Cassuto* found that Congress, in amending section 7430 in 1986, desired to make section 7430 conform more closely to EAJA. *Id.* at 3365. The court then found that in the Second Circuit, to which the case was appealable, a litigant was entitled, under EAJA, to a cost-of-living adjustment calculated from October 1, 1981, the effective date of EAJA's first enactment. *Id.* (citing *Trichilo v. Secretary of Health and Human Services*, 823 F.2d 702 (2d Cir.), *reaff'd and extended*, 832 F.2d 743 (2d Cir.1987)). Thus, "[f]ollowing the authority of the Second Circuit", the court adjusted the $75 hourly rate based on the increase in the Consumer Price Index "as of October 1, 1981, the date at which the Second Circuit begins to adjust the $75 rate for increases in the cost of living." *Id.*

Defendant argues that the court in *Cassuto* erroneously used October 1, 1981, as the date from which the cost-of-living adjustment is figured. Defendant notes that *Cassuto* is on appeal to the Second Circuit where the government's argument is precisely the argument defendant raises here: that the date for the cost-of-living adjustment under section 7430 is not analogous to the date under EAJA. Defendant argues that the cost-of-living adjustment in section 7430 should be calculated from January 1, 1986, the date the $75 hourly limitation and the cost-of-living adjustment for attorney's fees in tax cases first became effective. EAJA was enacted in October, 1980 and became effective in October, 1981. Equal Access to Justice Act, Pub.L. No. 96–481, 94 Stat. 2325 (1980) (prior to 1985 amendment). It originally contained a "sunset" provision, mandating expiration of the act in 1984. *Id.*, 94 Stat. at 2329. In 1985, Congress approved a continuation of EAJA, making no change in the $75 per hour limit on fees, but adding the cost-of-living adjustment provision. Equal Access to Justice Act Extension and Amendment, Pub.L. No. 99–80, 99 Stat. 183 (1985). *Trichilo* held that cost-of-living adjustments under EAJA should be measured back to the original EAJA effective date of October 1, 1981, rather than the 1985 re-enactment date containing the cost-of-living adjustment provision. *Trichilo*, 823 F.2d at

---

**2.** Plaintiff represents that the government conceded that the appropriate standard of review was whether the trial court abused its discretion in awarding attorney's fees. *Sliwa* was decided after *Underwood v. Pierce*, 761 F.2d 1342, 1346 (9th Cir.1985), *modified*, 802 F.2d 1107 (9th Cir. 1986), *aff'd in part, rev'd in part*, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), which held that the district court's determination that the government's position was not substantially justified under EAJA is reviewed for an abuse of discretion. Given that *Sliwa* was decided after *Underwood*, it cannot be said that the Ninth Circuit intends to apply the same standard of review to determinations of reasonableness in EAJA actions as opposed to section 7430 actions. I note however, that because I find the government's appeal unreasonable under a more stringent standard of review, an abuse of discretion review would only serve to make the government's appeal more unreasonable.

706; *see also Sierra Club v. Secretary of the Army,* 820 F.2d 513, 522 (1st Cir.1987); *Hirschey v. Federal Energy Regulatory Comm'n,* 777 F.2d 1, 5 (D.C.Cir.1985); *Jackson v. Heckler,* 629 F.Supp. 398, 405 (S.D.N.Y.1986). *But see Chipman v. Secretary of Health and Human Services,* 781 F.2d 545 (6th Cir.1986). The *Trichilo* court was persuaded by Congress's intent that the reenactment of EAJA in 1985 take effect as if the original EAJA had never lapsed. *Id.* at 707.

Section 7430 was originally enacted in 1982 and became effective for cases filed on or after March 1, 1983. Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, § 292, 96 Stat. 324, 572 (1982) (before 1986 amendment). Originally, section 7430 simply set a $25,000 limit on the amount that could be awarded for litigation costs, rather than establishing a per hour limitation and cost-of-living adjustment. *Id.,* 96 Stat. at 572.

Congress found it necessary to address section 7430 as part of the Tax Reform Act of 1986, Pub.L. No. 99–514, § 1551, 100 Stat. 2085, 2752 (1986), because as originally enacted, section 7430 contained a "sunset" clause providing that it did not apply to any proceeding commenced after December 31, 1985. *Id.* The Senate amendment to the House bill modified section 7430 to "conform it more closely to the Equal Access to Justice Act." H.R.Conf.Rep. No. 841, 99th Cong., 2d Sess. II–801 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 4075, 4889. Consequently, the Senate amendment eliminated that $25,000 cap on the award of attorney's fees and substituted a $75 an hour limitation with a cost-of-living adjustment. *Id.*

Ultimately, the joint conference agreement followed the Senate amendments except as to the burden of proof, which the Senate proposed be on the government rather than on the taxpayer as in the original enactment. *Id.* at 4890. The confer-

ence agreement specifically stated that awards of attorney's fees in cases commenced before January 1, 1986 would continue to be governed by the original enactment of section 7430, not the amended version. *Id.*

I find that the cost-of-living adjustment in section 7430 should be calculated from March 1, 1983, the date that section 7430 originally became effective. Though the effective date for the $75 an hour limitation and its cost-of-living adjustment provisions was January 1, 1986, the original act allowed for reasonable attorney's fees and costs. Thus, Congress intended from the first enactment of the statute that plaintiffs be awarded reasonable attorney fees. The 1986 amendment changed only the method by which such reasonable attorney's fees are calculated. The precise hourly fee requires a cost-of-living adjustment to ensure that an award is one of reasonable fees. Because Congress always intended that taxpayers receive awards of reasonable attorney fees, and only the method guaranteeing such reasonableness has changed, the cost-of-living adjustment should be calculated from the statute's original passage.

*Cassuto,* which is not binding on this court, does not compel a contrary result. There, the tax court correctly noted that Congress amended section 7430 to conform it to EAJA. Even though the court also noted that October 1, 1981 was the effective date of EAJA and thus, the date from which the EAJA cost-of-living adjustment is calculated, the court simply assumed that because this date applied to EAJA, it similarly applied to section 7430. However, section 7430 did not even exist on October 1, 1981. Though EAJA and section 7430 are similar in many respects, they are, however, distinct statutes which differ in other significant respects.[3] The *Cassuto* court erred when it blindly adopted October

---

3. For example, under EAJA, the burden is on the government to prove that its position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). Under section 7430, the burden is on the taxpayer. Unlike EAJA, section 7430(b)(1) permits an award of attorney's fees

only if the taxpayer has exhausted his administrative remedies prior to commencing litigation. Additionally, EAJA specifically states that it "shall not apply" to cases governed by section 7430 of the Internal Revenue Code. 28 U.S.C. § 2412(e).

324

1, 1981 as the cost-of-living adjustment date for section 7430.

### D. *Plaintiff's Fee Petition*

■ Plaintiff submits a petition requesting fees for 93.1 hours incurred in defense of the appeal. The government filed its notice of appeal on September 21, 1989. Plaintiff requests fees for 10.6 hours incurred prior to September 21, 1989. Because plaintiff did not incur these fees in defense of the appeal, they cannot be considered in this petition. Under section 7430, the hourly rate of compensation is at least $75. Plaintiffs are to submit a new petition reflecting the hourly rate of compensation based on the cost-of-living adjustment from March 1, 1983 to present.

### II. *Reformation of the July 27, 1989 Amended Judgment*

■ In addition to seeking attorney's fees incurred in defense of the appeal, plaintiff seeks to correct the amended judgment entered July 27, 1989. Though I allowed a cost-of-living adjustment in the prior order, plaintiff inadvertently neglected to include the cost-of-living adjustment in his proposed form of judgment. The government argues that it is too late for plaintiff to seek to correct the amended judgment.

Plaintiff does not give a basis for this motion. Defendant argues that it is inappropriate under either Federal Rule of Civil Procedure 59(e) or 60(a). Plaintiff cannot rely on Rule 59(e) because a motion to alter judgment under this rule must be made within ten days after entry.

Defendant argues that plaintiff cannot rely on Rule 60(a) because this was not clerical mistake, and even if it were, defendant argues a district court lacks power to correct a clerical error in a judgment that has been affirmed by an appellate court without remand.

■ Substantive changes of mind by a court cannot be effected through Rule 60(a). *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir.1983). A court's failure to memorialize part of its decision however, is a clerical error. *Id.*

Rule 60(a) can be used to conform a judgment to a prior ruling. *See, e.g., Huey v. Teledyne, Inc.*, 608 F.2d 1234, 1237 (9th Cir.1979), *cert. denied*, 458 U.S. 1106, 102 S.Ct. 3484, 73 L.Ed.2d 1367 (1982) (construing a Rule 59(e) motion as a Rule 60(a) motion when the district court sought to conform the written judgment to the intention of its prior oral ruling).

The relevant distinction is between what is erroneous because the thing spoken, written or recorded is not what the person intended to speak, write or record, and what is erroneous because the person later discovers that the thing said, written or recorded was wrong. The former comes within Rule 60(a); the latter does not.

*Panama Processes, S.A. v. Cities Service Co.*, 789 F.2d 991, 994 (2nd Cir.1986) (citations omitted); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1577 n. 2 (9th Cir.1987) (rule 60(a) used to correct "blunders in execution" and not to address instances where the court seeks to change its mind due to a legal or factual mistake in the original determination).

In the instant case, the amended judgment is erroneous because it is not what I intended: namely, that the attorney's fees be adjusted for a cost-of-living increase. Thus, the correction comes within Rule 60(a). Rule 60(a) provides that such mistakes may be corrected while an appeal is pending with leave of the appellate court. Plaintiff filed his motion to correct the amended judgment with the Ninth Circuit while the appeal was pending. The Ninth Circuit's subsequent transfer of the issue to this court does not defeat the initial propriety of plaintiff's motion for correction.

### CONCLUSION

Plaintiff is entitled to an award of attorney's fees incurred in defense of the appeal. Plaintiff shall submit a revised petition for fees including fees incurred only in defense of the appeal and adjusted for the increase in the cost-of-living from March 1, 1983 to present. Plaintiff shall submit a

second amended judgment to reflect a cost-of-living adjustment from March 1, 1983 for the fees previously awarded in the July 27, 1989 amended judgment.