**Bryce BUCHANAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 88–969–PA.**

United States District Court, D. Oregon.

Jan. 23, 1991.

Kevin O'Connell, Christopher H. Kent, O'Connell, Goyak & DiLorenzo, Portland, Or., for plaintiff.

Gary R. Allen, Tax Div., Dept. of Justice, Washington, D.C., for defendant.

### ORDER

PANNER, District Judge.

Plaintiff submits a revised petition for attorney's fees incurred in defense of an appeal. I grant the petition in the amount of $7985.97.

### BACKGROUND

Plaintiff brought this action against the United States for wrongful levy by the Internal Revenue Service (IRS). I entered judgment for plaintiff and granted plaintiff's petition for attorney's fees pursuant to 26 U.S.C. § 7430. *Buchanan v. United States,* No. CV–88–969–PA (D.Or. July 29, 1989) (Amended Judgment). Upon appeal by the IRS, the Ninth Circuit affirmed the attorney's fees award. Plaintiff then petitioned for attorney's fees incurred in defense of the appeal. In a previous opinion I found that plaintiff was entitled to an award of such fees 755 F.Supp. 319. *Id.,* 755 F.Supp. at 322 (D.Or.1990). I ordered plaintiff to submit a revised petition reflecting the appropriate cost-of-living adjustment to the $75 per hour statutory rate. *Id.,* 755 F.Supp. at 323.

## DISCUSSION

In addition to fees for time spent by his attorneys, plaintiff seeks fees for time spent by two legal assistants. Section 7430 authorizes an award of reasonable "litigation costs" if the taxpayer is the prevailing party in the action. 26 U.S.C. § 7430(a). Reasonable litigation costs include "reasonable fees paid or incurred for the services of attorneys...." 26 U.S.C. § 7430(c)(1)(B)(iii). The government objects to plaintiff's revised petition to the extent it requests an award of fees of "non-lawyers". The government argues that the language of section 7430(c)(1)(B)(iii) withholds the waiver of sovereign immunity for an award of fees of non-lawyers.

In 1986, Congress amended section 7430 to "conform it more closely to the Equal Access to Justice Act [EAJA]." H.R.Conf. Rep. No. 841, 99th Cong., 2d Sess. II–801 (1986), *reprinted in* 1986 U.S.Code Cong. & Admin.News 4075, 4889. Several courts have analogized to EAJA when awarding fees under section 7430. *See, e.g., Powell v. Commissioner,* 891 F.2d 1167, 1170 (5th Cir.1990) (noting similarity between section 2412 and section 7430 and analogizing to EAJA to aid construction of section 7430). The Ninth Circuit recently noted that there is "little dispositive difference between section 7430 and EAJA." *Oliver v. United States,* 921 F.2d 916, 922 (9th Cir.1990). Here, reference to cases interpreting EAJA is particularly useful because under EAJA, as under section 7430, prevailing parties are entitled to "reasonable fees and expenses of attorneys". 28 U.S.C. § 2412(b).

At least two circuit courts of appeals have affirmed EAJA fee awards which included fees for paralegals, law clerks, and legal assistants. *See, e.g., Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir.1988), *aff'd,* —— U.S. ——, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (court of appeals affirmed district court award of $40 per hour for paralegal and law clerk time); *Kopunec v. Nelson,* 801 F.2d 1226, 1229 (10th Cir.1986) (affirm-ing district court award of $25 per hour for law clerk, paralegal, and legal assistant time).

Plaintiff is entitled to fees for time spent by the two legal assistants. Disallowing such fees could result in an increased award because the attorneys, who command higher hourly fees, would bill the time themselves rather than assign it to the legal assistants.

## CONCLUSION

Plaintiff's revised petition for attorney's fees is granted.[1]

IT IS SO ORDERED.

---

**1.** Though plaintiff requested $8,180.70 in his revised petition, the amount awarded is $7985.97 due to a miscalculation on page 10 of Christopher H. Kent's affidavit. First, the fees for Mr. O'Connell should total $1,012.47 rather than $1.102.27. Second, the fees for the three attorneys should total $7495.97 rather $7,690.70.