**Carol DAVIS, Plaintiff,**

v.

**UNITED STATES of America, Defendant and Third–Party Plaintiff,**

v.

**Henry ADAMS, Third–Party Defendant.**

**No. 93–C–1173.**

United States District Court, District of Colorado.

March 14, 1995.

---

Mark R. Davis, Denver, CO, for plaintiff.

Joel J. Roessner, Trial Atty., Tax Div., Washington, DC, for defendant and third-party plaintiff.

## ORDER

CARRIGAN, District Judge.

Plaintiff Carol L. Davis d/b/a Mile High Calcium, Inc. commenced this action against the United States, seeking a tax refund of FICA and FUTA employment taxes (first claim), as well as a declaratory judgment against the IRS (second claim). The United States asserted a counterclaim against Ms. Davis and a claim against her husband, Henry Adams, for payment of additional FICA and FUTA taxes.

On July 11 and 12, 1994, trial was held to the court. On July 15, 1994, this court granted Ms. Davis's claim for a tax refund and declared that the IRS's tax assessment was improper. The court further granted Ms. Davis's and Mr. Adams's motion, pursuant to 26 U.S.C. § 7430, for an award of reasonable administrative and litigation costs and fees. On September 12, 1994, the court ordered the parties to attempt to resolve the amount of costs and fees. The parties reached an agreement as to that amount, as reported in their September 27, 1994 stipulation.

Ms. Davis has now filed a motion for supplemental costs and attorneys' fees. The United States has responded by opposing the motion, and Ms. Davis has filed a reply. In addition, the United States has filed a motion for an order vacating that part of the judgment allowing interest on costs and fees awarded under 26 U.S.C. § 7430, to which Ms. Davis has filed a response.

The issues have been fully briefed and oral argument would not be helpful. Jurisdiction is founded upon 28 U.S.C. §§ 1340, 1345, and 1346(a)(1).

## I. MS. DAVIS'S MOTION FOR SUPPLEMENTAL COSTS AND FEES.

Ms. Davis moves for an award of additional costs and fees incurred in responding to the United States' appeal and its opposition to her motion for costs.

Where litigation is caused by a substantially unjustified position asserted by the United States, a party is entitled to costs and fees incurred in an unsuccessful appeal by the United States, or in a dispute concerning the right to such costs and fees. *See, e.g., Powell v. Commissioner,* 891 F.2d 1167, 1170 (5th Cir.1990); *Buchanan v. United States,* 765 F.Supp. 642 (D.Or.1991). The United States does not dispute that such costs and fees may generally be awarded. However, the United States contends that such an award may not be made here for the assert-

ed reason that the parties entered into a binding stipulation as to costs and fees.

The United States cites *McKnight v. General Motors Corp.*, 973 F.2d 1366 (7th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1270, 122 L.Ed.2d 665 (1993), in support of its argument. In *McKnight,* the seventh Circuit affirmed the trial court's decision holding the defendant bound by a stipulation as to attorneys' fees entered into prior to appeal. However, the court did not hold that such a stipulation necessarily limits a parties' entitlement to additional costs and fees incurred thereafter. Rather, the court found that where a stipulation "contemplated the possibility that the judgment might be modified on appeal," it was within the trial court's *discretion* to refuse the defendant's request for attorney fees incurred on appeal. *Id.* at 1373. Further, the court in *McKnight* noted that a trial court may, if appropriate, relieve a party from a stipulation and award additional costs and fees. *See id.* at 1373 (*citing Cates v. Morgan Portable Building Corp.,* 780 F.2d 683, 690–91 (7th Cir.1985)).

Here, although the parties' September 27, 1994 stipulation expressly "does not affect the government's rights to appeal," it does not "contemplate" such an appeal, or otherwise restrict Ms. Davis's right to recover post-judgment costs and fees incurred as a result of such an appeal or a dispute over costs and fees. Thus, I find and conclude that the stipulation does not limit Ms. Davis's entitlement to the additional costs and fees in dispute. Further, because I have previously found that this litigation was caused by the United States taking a substantially unjustified position, I find and conclude that an award of costs and fees appropriate.

■ The United States argues that any award of post-judgment costs and fees should not include those incurred prior to September 27, 1994, for the asserted reason that they were within Ms. Davis's knowledge at the time she entered into the stipulation. However, the stipulation was intended to settle a dispute over the amount of prejudgment costs and fees sought by Ms. Davis's August 1, 1994 motion for costs and fees. The court's September 12, 1994 order directing them to resolve that dispute did not direct the parties to resolve the amount of additional costs incurred after the date of Ms. Davis's motion. Nor does the stipulation by its terms include such additional costs and fees. Thus, I find and conclude that, in signing the parties' September 27, 1994 stipulation, Ms. Davis did not waive her right to such costs and fees. Accordingly, such costs and fees will be awarded.

The United States next argues that Ms. Davis should not be awarded costs and fees incurred in preparing her proposed order and amendment to judgment, and in responding to the United States' motion to amend the judgment, for the asserted reason that the United States prevailed with respect to those motions. In interpreting the similar costs and fees provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412(d), the Supreme Court has declared that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Commissioner, INS v. Jean,* 496 U.S. 154, 163 n. 10, 110 S.Ct. 2316, 2321 n. 10, 110 L.Ed.2d 134 (1990). Here, Ms. Davis's proposed order and the United States' motion to amend addressed a cost and fee issue upon which the United States prevailed.[1] Accordingly, Ms. Davis will not be awarded costs and fees incurred with respect to that proposed order and motion.

■ The United States also contends that any additional award should exclude costs that the United States asserts are not supported by a description sufficient to allow the court to evaluate their reasonableness. These include costs for items such as "photocopies," "mileage," and "Westlaw research." I find that these costs have been described sufficiently and are reasonable. Thus, they will be awarded.

Finally, the United States requests that the court require Ms. Davis to disclose the services for which certain additional attor-

---

1. Ms. Davis' proposed order and the United States' motion to amend the judgment both addressed the date from which interest was to run on Ms. Davis's award of costs and fees. On December 29, 1994, the court granted the United States' motion.

neys' fees are claimed. I find that these services have been adequately disclosed.

Accordingly, Ms. Davis's motion for supplemental costs and fees will be granted with respect to those costs and fees not otherwise excluded by this order.

## II. *THE UNITED STATES MOTION FOR RELIEF FROM JUDGMENT.*

The United States has moved for an order vacating that part of the court's judgment allowing interest on costs and fees awarded under 26 U.S.C. § 7430, asserting that the court has no jurisdiction to award such interest. Ms. Davis responds that she has no objection to such an order. Accordingly, the United States' motion will be granted.

Accordingly IT IS ORDERED that

(1) Ms. Davis' motion for supplemental costs and attorneys' fees is denied in part and granted in part;

(2) Ms. Davis's motion for supplemental costs and attorneys' fees is denied with respect to her request for an award of costs and fees incurred in preparing her proposed order and amendment to judgment and in responding to the United States' motion to amend the judgment;

(3) Ms. Davis's motion for supplemental costs and attorneys' fees is granted in all other respects;

(4) The United States' motion for relief from that part of the judgment allowing interest on fees and costs awarded under 26 U.S.C. § 7430 is granted; and

(5) That part of the December 29, 1994 amended judgment awarding Ms. Davis interest on costs and fees awarded under 26 U.S.C. § 7430 is vacated.

(6) The parties and their counsel are ordered to meet and confer within eleven days of this order in a good faith attempt to settle all remaining issues without further litigation, expense or delay. The parties shall report to this court in writing within fifteen days of this order, stating the results of their settlement negotiations and whether a conference before a Magistrate Judge or some other alternative dispute resolution proceeding would facilitate settlement. If counsel are unable to settle, this case will be referred to a magistrate judge for prompt hearing and recommendation to the court.