ROBERT LEE McWILLIAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McWilliams v. Commissioner
Docket No. 4651-92
United States Tax Court
T.C. Memo 1995-111; 1995 Tax Ct. Memo LEXIS 110; 69 T.C.M. (CCH) 2107; March 20, 1995, Filed *110 An order will be issued directing the parties to submit computations of the attorney's fees in anticipation of a supplemental order to be entered awarding attorney's fees to petitioner. For petitioner: Stevan Douglas Looney. For respondent: T. Richard Sealy III. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: This matter is before the Court on petitioner's motion for litigation and administrative costs filed September 30, 1994, pursuant to Rule 231[1] and section 7430. We considered separately the procedural issues arising out of petitioner's motion in McWilliams v. Commissioner, 104 T.C.     (1995), wherein we held that disposition of the motion for attorney's fees and administrative costs relating to the jeopardy assessment proceeding is not premature notwithstanding that the issues concerning petitioner's tax liability have not yet been decided in the deficiency proceeding. The issues addressed in this opinion are whether petitioner is entitled to an award of litigation fees and administrative costs as provided by section 7430 and Rule 231. We will repeat the facts necessary to clarify the following discussion. *111 FINDINGS OF FACT Respondent determined deficiencies in and additions to petitioner's Federal income taxes for tax years 1986, 1987, and 1988. The case has been docketed, tried, and submitted to the Court for decision, but has not yet been decided. After trial, respondent made a jeopardy assessment on petitioner's property. On July 21, 1994, petitioner and his wife [2] requested an administrative review of the jeopardy assessment in accordance with section 7429(a)(2). In a letter dated July 27, 1994, respondent indicated that the jeopardy assessment would not be abated except for a downward adjustment in light of stipulations and concessions previously agreed to by the parties. In reality, however, respondent failed to reduce the amount of the assessment to reflect the full amount of these concessions until the matter was before the Court, and even after purportedly recomputing the amount, respondent still failed to take into account a $ 150,000 concession respondent had made at trial. On August 11, 1994, petitioner filed a motion for review of the jeopardy assessment and levy with the Court pursuant to Rule 56. *112 In our opinion of August 30, 1994, we reviewed respondent's jeopardy assessment and levy pursuant to petitioner's motion made in accordance with section 7429(b)(2) and Rule 56. Because respondent did not prove that the jeopardy assessment and levy were reasonable, we ordered abatement of the jeopardy assessment and release of the levy. McWilliams v. Commissioner, 103 T.C. 416 (1994) (McWilliams I). Our findings of fact and opinion therein are incorporated by this reference. Since our decision a number of motions have been filed by the parties. On September 23, 1994, respondent filed a motion for reconsideration pursuant to Rule 161 and a motion to stay the effect of our order. The Court denied both motions. The current motion for litigation fees and costs was filed on September 30, 1994. Initially, the Court granted respondent a 1-week extension to file a response. However, on November 7, 1994, respondent requested an additional 2 weeks for leave to file out of time for the following reason: [petitioner's] motion * * * presents an issue of first impression, that is, the consideration of a claim for attorney's fees and costs prior to the *113 conclusion of the litigation, and the respondent's response to the Motion * * * is presently under consideration and review by the respondent's National office.
The Court granted respondent's motion, and on November 14, 1994, respondent filed her response. On November 23, 1994, petitioner filed his reply to respondent's response. While the issue of attorney's fees was pending, on November 29, 1994, petitioner filed a motion to enforce order abating jeopardy assessment and for contempt for respondent's failure to comply with our order of August 30, 1994. On November 30, 1994, we ordered respondent to take specific actions to comply with our order. We held in abeyance petitioner's motion for contempt pending assurance that respondent had indeed fully complied with our order. After conference calls with the parties on December 7 and December 14, 1994, the Court was assured that respondent had fully complied with our orders of August 30 and November 30, 1994. Accordingly, on December 15, 1994, we denied petitioner's motion for contempt. OPINION To the extent the Court determines that the motion for attorney's fees is not premature, respondent argues against an award of attorney's *114 fees. Respondent concedes that petitioner has exhausted administrative remedies and that he meets the net worth requirements of 28 U.S.C. section 2412(d)(2)(B) as required by section 7430(c)(4)(A)(iii). However, respondent opposes petitioner's motion on the grounds that: (1) Petitioner has not met his burden of proving respondent's position in the litigation was not substantially justified; (2) petitioner's claimed costs are not reasonable; and (3) petitioner has unreasonably protracted the court proceedings. Petitioner claims litigation and administrative costs incurred during the period July 15, 1994, through September 29, 1994, in the amount of $ 14,457.35. The amount reflects the cost of services provided by petitioner's lawyer Stevan Douglas Looney and his law partner M. Dwight Hurst, and petitioner's accountant, Peter Cooley, as well as amounts for New Mexico gross receipts Tax, Federal Express/postage, and photocopies. [3] The parties have not requested a hearing, and the Court has concluded that a hearing is not necessary. Rule 232(a) (3). We will decide the matter based upon the submissions of the parties. *115 Section 7430 provides, inter alia, that, in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded reasonable administrative costs and litigation costs incurred in connection with the administrative and court proceeding. Sec. 7430(a); Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144; Gustafson v. Commissioner, 97 T.C. 85, 87-88 (1991). In order to be entitled to an award of reasonable administrative or litigation costs, the moving party must establish the following: (1) That the party is a "prevailing party" within the meaning of section 7430(c)(4)(A); (2) that the party did not unreasonably protract either the administrative or court proceeding; and (3) that the administrative or litigation costs claimed by the party are reasonable within the meaning of section 7430(c)(1) and (2). Powers v. Commissioner, 100 T.C. 457, 469 (1993), affd. in *116 part, revd. in part and remanded 43 F.3d 172 (5th Cir. 1995). With respect to claims for litigation costs, taxpayers also are required to show that administrative remedies were exhausted. Id. at 469. A taxpayer is a "prevailing party" in a court proceeding only if it is established that: (1) The position of the United States in the proceeding was not substantially justified; (2) the taxpayer substantially prevailed with respect to the amount in controversy or with respect to the most significant issue presented; and (3) the taxpayer met the net worth requirements of 28 U.S.C. section 2412(d)(2)(B). Sec. 7430(c)(4)(A); Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316; Powers v. Commissioner, supra.
The term "position of the United States" means the position taken by the United States in a judicial proceeding. Sec. 7430(c) (7)(A). In an administrative proceeding the term "position of the United States" means the position taken in an administrative *117 proceeding determined as of the earlier of the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service (IRS) Office of Appeals, or the date of the notice of deficiency. Sec. 7430(c)(7)(B). For a taxpayer to recover both administrative costs and litigation costs the taxpayer must separately establish that the position of the United States was not substantially justified both in the administrative and court proceedings. Huffman v. Commissioner, supra at 1143-1147. Whether Respondent's Position Was Substantially Justified
Respondent argues that petitioner has not met his burden of proving that respondent's position was not substantially justified. Respondent contends that at the time the jeopardy assessment was made, it was reasonable to believe petitioner intended to leave the United States and, therefore, a jeopardy assessment was appropriate. However, we found that it was no longer reasonable for respondent to maintain that belief in light of "new facts" -- i.e., that petitioner did not go to Canada -- discovered by respondent by the end of July. [4]McWilliams v. Commissioner, 103 T.C. at 426. *118 Moreover, respondent asserts that her position and litigation of the case was substantially justified in light of the discovery of other new facts, principally, a change of address by petitioner and a failure to notify respondent of such change. One of the problems with this argument is that the change of address occurred after the opinion and order were issued in McWilliams I. Accordingly, these facts have no bearing on whether respondent's position in McWilliams I was substantially justified. In a jeopardy assessment case the burden is on respondent to prove the assessment and levy are reasonable, sec. 7429(g)(1), and in the instant *119 case the burden is on petitioner to prove that respondent's position was not substantially justified (i.e., unreasonable, see discussion infra pp. 9-13), Rule 232(e); Stieha v. Commissioner, 89 T.C. 784, 790 (1987); Baker v. Commissioner, 83 T.C. 822, 827 (1984), vacated and remanded on other grounds 787 F.2d 637 (D.C. Cir. 1986). Petitioner argues that because we held in McWilliams I that respondent's position was unreasonable, we should per se hold that her position for purposes of the motion for attorney's fees was not substantially justified. Respondent argues that our holding in McWilliams I does not support a finding that respondent's position was not substantially justified. However, since we found respondent's position in initiating the jeopardy assessment to be unreasonable (i.e., respondent's position was not completely arbitrary and capricious but it was supported by far less than substantial evidence, see McWilliams v. Commissioner, supra at 422), we disagree with respondent.[5] However, since the burden of proof is on petitioner and not respondent *120 in the instant case, we will consider respondent's arguments. *121 The Supreme Court describes "substantially justified" as "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). For a position to be substantially justified, there must be substantial evidence to support it. Id. at 564-565. In defining substantial evidence the Supreme Court has said it "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. at 565 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Respondent directs us to our first opinion in support of her argument that she was substantially justified in making the jeopardy assessment: From the affidavits respondent presented, we can understand why respondent prior to July 11, 1994, may have believed that petitioner appeared to be designing quickly to depart from the United States or to conceal himself. [McWilliams v. Commissioner, supra at 425.] *122 Respondent directs us further to another excerpt: "it may have been reasonable in early July for respondent to believe petitioner intended to leave the United States". Id. at 426. Respondent argues that we should thereby conclude that she submitted "more than substantial evidence for the record in support of the reasonableness of making the jeopardy assessment". We agree that our findings and conclusions in our original opinion regarding the reasonableness of the jeopardy assessment should be used in analyzing the reasonableness of respondent's position in deciding whether to award costs. However, the problem with respondent's use of our first opinion is that she fails to read the excerpts in the context of the opinion. It is clear from a more thorough reading of the opinion that we found respondent's position to be unreasonable shortly after the jeopardy assessment (and continuing to the time of this Court's review): From the affidavits respondent presented, we can understand why respondent prior to July 11, 1994, may have believed that petitioner appeared to be designing quickly to depart from the United States or to conceal himself. *123 However, by the end of July respondent was well aware that petitioner was in Vancouver, Washington, not Vancouver, Canada. Petitioner had supplied respondent with his address, and was actively communicating with respondent through his attorney. * * * [Id. at 425; emphasis added.] Although it may have been reasonable in early July for respondent to believe petitioner intended to leave the United States, after respondent learned petitioner was living in Vancouver, Washington, and had opened a bank account in his name, it was no longer reasonable for respondent to assert this position as a reason to uphold the jeopardy assessment. [Id. at 426; citations omitted; emphasis added.]
In a letter dated July 21, 1994, petitioner provided respondent with the information concerning his new address, his bank account, and the reasons why a jeopardy assessment was not reasonable under the circumstances. On July 27, 1994, after reviewing the information submitted by petitioner, respondent's Appeals officer notified petitioner that the Appeals officer would recommend that the jeopardy assessment should not *124 be abated except for a downward adjustment of the income tax liability in light of the stipulations and concessions in the deficiency proceeding. In a letter dated August 3, 1994, respondent's Associate Chief of the Appeals Office of the Southwest Region indicated that he had reviewed the District Director's determination and sustained the jeopardy assessment determination with adjustment to take into account those stipulations and concessions. Accordingly, we find that by the end of July respondent had the same information available to her which this Court had in August when we reached our conclusion that the jeopardy assessment was not reasonable. Moreover, we find that the amount of the jeopardy assessment was inappropriate. Initially, respondent made a jeopardy assessment for taxes and additions to tax as follows: Taxable Year
Tax
Additions to Tax
1986
$ 58,761
$ 58,761
1987
43,247
43,247
1988
156,393
156,393
In the course of the administrative review respondent conceded that the posttrial assessment had to be adjusted to take into consideration stipulations and concessions previously agreed to by the parties. However, after purportedly recomputing the *125 amounts, respondent still failed to take into account a $ 150,000 concession she had made at trial. Another badge of unreasonableness is that, in light of the reduced deficiency, respondent failed to consider the financial position of petitioner who had assets available to satisfy taxes due including: (1) An escrow account in the amount of $ 32,500 set up in compliance with a preexisting divorce agreement and to be used to pay the disputed Federal income taxes in this case; and (2) a second mortgage in the amount of $ 100,000 from the sale of petitioner's New Mexico property. Accordingly, in light of the unreasonableness in making the assessment and the inappropriateness in the amount assessed, we hold that petitioner has met his burden of proving that respondent's position was not substantially justified. Respondent makes other, purportedly "new" arguments. However, this Court has seen these arguments before. They are either matters previously brought to the Court's attention and considered in our original opinion or are irrelevant or immaterial because they involve actions by petitioner after the statutory time for judicial review expired. [6]
*126 Accordingly, we hold that respondent's position was not substantially justified at the time of the judicial proceeding. Whether Petitioner's Claimed Fees Are Reasonable
Respondent takes the position that (1) petitioner has not established that an award of attorney's fees in excess of the statutorily enumerated rate adjusted for inflation, under section 7430(c)(1)(B)(iii), is justified; [7] and (2) only attorney's fees and costs incurred after IRS Appeals' decision to uphold the jeopardy assessment is appropriate, pursuant to section 7430(c)(7). Petitioner seeks reimbursement at his counsels' hourly rates of $ 120 and $ 125 per hour. *127 Section 7430(c)(1)(B)(iii) provides that attorney's fees "shall not be in excess of $ 75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." See Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992). "Except to the extent it has waived its immunity, the Government is immune from claims for attorney's fees. Waivers of immunity must be 'construed strictly in favor of the sovereign,' and not '[enlarged] * * * beyond what the language requires.'" Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983) (citations omitted). We thus must read section 7430 narrowly in determining the amount of costs allowable. Id.; Cassuto v. Commissioner, 93 T.C. 256, 272 (1989), affd. in part and revd. in part on other issues and remanded 936 F.2d 736 (2d Cir. 1991). The issue presented by respondent's challenge is whether circumstances were such that petitioner could not obtain counsel for less than the rates charged by his counsel. *128 Adjustment for Special Factor
Petitioner argues that he is entitled to an award of attorney's fees in excess of $ 75 per hour because the per-hour rates charged by his attorney are prevailing and reasonable rates in Albuquerque, New Mexico. [8] Moreover, petitioner would not have been able to retain other competent counsel and an accountant for less than the amount for which he was billed by his attorneys and accountant. Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $ 75, "unless the court determines *129 that a * * * special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." The prevailing hourly rate in an area, and the possibility that no attorney would have performed the work for $ 75 an hour, are not special factors to justify an increase in the hourly rate under section 7430(c)(1)(B)(iii). Huffman v. Commissioner, supra; Cassuto v. Commissioner, supra at 274; Tinsley v. Commissioner, T.C. Memo. 1992-195. The Supreme Court interpreted a substantially identical provision of the Equal Access to Justice Act, 28 U.S.C. sec. 2412 (1988) (EAJA) and held that "the prevailing market rate" is not a "special factor" which would justify an upward departure from the $ 75 hourly rate set by Congress. Pierce v. Underwood, 487 U.S. 552 (1988). We do not think Congress meant that if the rates for all lawyers in the relevant city -- or even in the entire country -- come to exceed $ 75 per hour (adjusted for inflation), then that market-minimum rate will govern instead of the statutory cap. *130 To the contrary, the "special factor" formulation suggests Congress thought that $ 75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be. * * * [Id. at 572.]
See also Huffman v. Commissioner, supra at 1149; Cassuto v. Commissioner, supra at 274; Tinsley v. Commissioner, supra.Therefore, we do not accept a prevailing market rate argument. Similarly, an argument based on limited availability and a dearth of qualified tax attorneys has been rejected. Pierce v. Underwood, supra; Huffman v. Commissioner, supra. It is not enough to simply say that lawyers skilled and experienced enough to try the case are in short supply. Pierce v. Underwood, supra.
The exception for "limited availability of qualified attorneys for the proceedings involved" must refer to attorneys "qualified for the proceedings" in some specialized sense, rather than just in their general legal competence. We think it refers to *131 attorneys having some distinctive knowledge or specialized skill needful for the litigation in question -- as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. [Pierce v. Underwood, supra at 572.]
The courts have been in agreement that tax expertise does not qualify as a "special factor" warranting an enhancement of the statutory fee award. Huffman v. Commissioner, supra at 1150; Cassuto v. Commissioner, 936 F.2d at 743; Bode v. United States, 919 F.2d 1044, 1050 (5th Cir. 1990); Stieha v. Commissioner, 89 T.C. 784 (1987). Moreover, section 7430 applies only to attorney's fees incurred in tax cases; presumably such attorneys have a certain degree of "tax expertise". To suppose that Congress intended them all to be paid at a higher than $ 75 hourly rate would allow the "special factor" exception to swallow the $ 75 hourly rate rule. Cassuto v. Commissioner, 936 F.2d at 743. Accordingly, we hold that petitioner has not established *132 a "special factor" to justify an increased rate under section 7430. Amount of Litigation and Administrative Costs
Petitioner has submitted an itemized billing summary of his attorney's hours and fees incurred from July 15 through September 29, 1994. Rule 231(b)(8). Respondent maintains that if the Court decides that petitioner is entitled to attorney's fees, they should be limited to the period in which respondent's position was not substantially justified. Section 7430(c)(7) provides that the position of the United States includes the position taken in an administrative proceeding as of the earlier of (1) the date of the notice of deficiency or (2) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals. We do not regard the date of the deficiency notice as controlling for this purpose. We allow no costs incurred before August 3, 1994, the date of the letter from the Chief of the Office of Appeals. See Tinsley v. Commissioner, supra.
We find the hours incurred by the attorneys to be reasonable. Furthermore, we find the assistance of a second attorney (Mr. Hurst) to be *133 reasonable in light of the complexity in the law and the exigency in alleviating the financial hardship imposed on petitioner by a jeopardy assessment. Moreover, Hurst is a certified public accountant, and his expertise in this area would be helpful. Mr. Hurst's time accounted for 5.4 of the 33.0 hours incurred by the attorneys for the month of August. His time consisted of assistance in preparing the motion for review of the jeopardy assessment. The itemized billing is descriptive, and the explanations of the services provided seem reasonable. Accordingly, we hold that the attorney's hours are reasonable. [9]
*134 We hold that petitioner is entitled to an award of attorney's fees for the services provided as of August 3, 1994, and thereafter, at an hourly rate of $ 75 adjusted for COLA computed from October 1, 1981. Petitioner seeks reimbursement for accountant's fees in the amount of $ 3,020. Petitioner attached an itemized billing summary for accountant services performed in connection with the jeopardy assessment from July 15 through September 22, 1994. The hourly rate requested for the accountant is $ 100 per hour. The itemized billing summary is vague and nondescriptive. Moreover, there are entries (e.g., 8/18/84, 8/25/94, and 8/31/94) where reference is made to discussions with the attorneys; however, the attorney's billing summary does not have an entry for those days. Petitioner has not justified the use of an accountant in addition to the two attorneys (one of the attorneys being a certified public accountant) in regard to the jeopardy assessment proceeding. Accordingly, we disallow petitioner's claim for costs for accountant's fees. Petitioner also seeks reimbursement for other costs, including postage ($ 12.43), photocopies ($ 150.75), and sales tax ($ 9.48). Respondent *135 did not contest these amounts; therefore, we consider these amounts conceded. Buchanan v. United States, 765 F. Supp. 642 (D. Or. 1991); Tinsley v. Commissioner, T.C. Memo. 1992-195; Schaefer v. Commissioner, T.C. Memo. 1991-426. In petitioner's itemized billing he claims amounts for New Mexico gross receipts tax attributable to attorney's fees and accountant's fees of $ 609.15 and $ 175.14, respectively. Since we have disallowed the accountant's fees, we similarly disallow recovery of the gross receipts tax related to those fees. This Court has held that services of secretaries, word processors, and costs that are normally included in overhead should not be separately itemized as they are deemed part of the hourly rate. Bayer v. Commissioner, T.C. Memo. 1991-282; see also sec. 301.7430-4(c)(2)(i), Proced. & Admin. Regs. However, costs which are normally billed separately may be recoverable in addition to the representative's hourly rate. See sec. 301.7430-4(c)(2)(i), Proced. & Admin. Regs. Respondent argues that the gross receipts tax should be included *136 in overhead and part of the attorney's hourly rate. Petitioner has not made an argument to the contrary. We hold that the gross receipts tax should be included in overhead and, therefore, is not recoverable. Whether Petitioner Unreasonably Protracted the Proceedings
Section 7430(b)(4) provides that no award for reasonable litigation costs may be made with respect to any portion of the civil proceeding during which the prevailing party has unreasonably protracted such proceeding. Respondent makes no arguments that nor does she refer us to any instances in which petitioner unreasonably protracted the proceedings. Apart from a general statement to this effect in the first paragraph of page 1 of her response memorandum to petitioner's motion, no other reference is made. Accordingly, we could infer that respondent has abandoned this argument. Rule 232(c)(7). Assuming, arguendo, that respondent has not abandoned such claim, we find no evidence that petitioner has unreasonably protracted these proceedings. To the contrary, petitioner has acted in a reasonable manner. To reflect the foregoing and in accordance with the related opinion in this case, McWilliams v. Commissioner *137 , 104 T.C.     (1995), An order will be issued directing the parties to submit computations of the attorney's fees in anticipation of a supplemental order to be entered awarding attorney's fees to petitioner.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, unless otherwise indicated.↩
2. The jeopardy assessment was also addressed to "Luz Elena McWilliams". According to documents filed with petitioner's motion for review of the jeopardy assessment, the McWilliamses were divorced on Sept. 13, 1990. Luz Elena McWilliams is not a petitioner in this case. She was originally indicated as a petitioner; however, she neither signed the original petition nor ratified its filing on her behalf. Accordingly, we dismissed her from the case for lack of jurisdiction.↩
3. The breakdown of the costs is as follows: ↩
Attorney's fees
$ 10,480.00
Gross receipts tax (attorney's fees)
609.15
Accountant's fees
3,020.00
Gross receipts tax (accountant's fees)
175.54
Federal express/postage
12.43
Photocopies
150.75
Gross receipts tax
9.48
Total
14,457.35
4. "'Reasonable under the circumstances' as used in section 7429 'means something more than not arbitrary or capricious and something less than supported by substantial evidence.'" Penner v. United States, 582 F. Supp. 432, 434 (S.D. Fla. 1984) (quoting Loretto v. United States, 440 F. Supp. 1168, 1172↩ (E.D. Pa. 1977)).
5. In Penner v. United States, supra at 1583-1584, the District Court held that If the Government's position in initiating the jeopardy assessment was * * * unreasonable, * * * it is hard to fathom how the Government's position (in defending an unreasonable action) would be reasonable. * * * * * * In the instant action, the Government, through the Department of Justice, defended actions taken by the Internal Revenue Service which were unreasonable. [Therefore] The defense of the unreasonable actions of the Internal Revenue Service was itself unreasonable.
In Randazzo v. United States, 581 F.Supp. 1235 (W.D. Pa. (1984), the District Court did not hold that the Government's position was not substantially justified even though the jeopardy assessment was abated. Instead the District Court focused on a well-settled principle of law applied in litigation costs cases, that it cannot be automatically presumed that the position of the United States was not substantially justified or unreasonable simply because it lost the case. Id. at 1237 (citing Watkins v. Harris, 566 F.Supp. 493, 498 (E.D. Pa. 1983)). The District Court needed to undertake this type of analysis because the jeopardy assessment was abated not because it was per se unreasonable; rather, the District Court found that the Government would not be jeopardized by the return of the money to the taxpayer. Id.↩ at 1236.
6. Sec. 7429(b)(3) requires that the Court determine within 20 days after a proceeding is commenced↩ whether the making of the assessment is reasonable under the circumstances and the amount is appropriate.
7. We note that in calculating the cost-of-living adjustment (COLA), our precedent provides for the COLA to be calculated from Oct. 1, 1981, the date of the enactment of the Equal Access to Justice Act (codified at 28 U.S.C. sec. 2412 (1988)). Bayer v. Commissioner, 98 T.C. 19 (1992); Cassuto v. Commissioner, 93 T.C. 256 (1989), revd. on this issue 936 F.2d 736 (2d Cir. 1991); Tinsley v. Commissioner, T.C. Memo. 1992-195; Heasley v. Commissioner, T.C. Memo. 1991-189, revd. on this issue 967 F.2d 116 (5th Cir. 1992); Huffman v. Commissioner, T.C. Memo. 1991-144, revd. on this issue 978 F.2d 1139 (9th Cir. 1992). We recognize that the decisions of the Courts of Appeals cited above do not support our precedent. However, due to the unique setting in which we decide this case (i.e., the jeopardy assessment proceeding was a summary proceeding which was not appealable, sec. 7429(f); McWilliams v. Commissioner, 103 T.C. 416, 422 (1994), and our decision as to whether to award costs is similarly not appealable, sec. 7430(f); Stites v. United States, 978 F.2d 1091 (9th Cir. 1992); Randazzo v. United States, 751 F.2d 145 (3d Cir. 1984)), we will not reconsider our position, as espoused in Bayer v. Commissioner, supra↩, at this time.
8. Petitioner's counsel Stevan Douglas Looney is an officer, director, and shareholder in the law firm of Crider, Calvert & Bingham, P.C., located in Albuquerque, New Mexico. Mr. Looney has been an attorney for 14 years, and is licensed and in good standing in the State of New Mexico. His law partner, M. Dwight Hurst, assisted in the preparation of the motion for review of the jeopardy assessment under sec. 7429. Mr. Hurst is also an officer, director, and shareholder in the same law firm.↩
9. Petitioner submitted costs through Sept. 29, 1994. When the Government's underlying position is "not substantially justified," the taxpayer is entitled to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights. INS v. Jean, 496 U.S. 154, 161 (1990); Huffman v. Commissioner, 978 F.2d 1139 (9th Cir. 1992); Bode v. United States, 919 F.2d 1044 (5th Cir. 1990); Powell v. Commissioner, 891 F.2d 1167 (5th Cir. 1990); Bayer v. Commissioner, T.C. Memo. 1991-282. After our opinion in McWilliams I was issued and we ordered the levy released and the jeopardy assessment abated, petitioner was unjustifiably forced to file a motion to enforce the order. We invite petitioner to supplement his application of costs within 30 days from the date of this opinion, and for the parties to make part of the Rule 155 computation additional costs incurred in connection with the jeopardy assessment proceeding after Sept. 29, 1994.↩